DONALD GUY KINNEY v. CHARLES REID GOLEY, SR.
— AND —
KENNETH E. CROWSON, BY HIS NEXT FRIEND, BOBBIE M. GREEN v. CHARLES R. GOLEY AND DONALD GUY KINNEY
— AND —
JOHN L. NOLL, JR. v. CHARLES R. GOLEY AND DONALD GUY KINNEY

No. 68SC153

(Filed 17 September 1969)

**1. Appeal and Error § 62—   partial new trial**

The Court of Appeals has power to grant a partial new trial, it being discretionary with the Court whether it will grant a partial new trial in a particular case.

**2. Appeal and Error § 62—   partial new trial — prerequisites**

Before a partial new trial is ordered, it should clearly appear that no possible injustice can be done to either party, and where the questions involved are so interwoven that they cannot be separated and a new trial allowed as to one or more issues without prejudicing the rights of one or more of the parties or preventing a full and just trial of the whole matter, the power to grant a partial new trial should not be exercised.

**3. Criminal Law § 62—   new trial awarded — petition for partial new trial**

In this appeal from a consolidated trial of an action by the driver of one automobile involved in a collision against the driver of the second automobile involved, and actions by two passengers in the first automobile against both drivers, the jury having answered issues of negligence in all three cases in favor of the first driver and against the second driver, wherein the second driver was awarded a new trial by the Court of Appeals for error in the charge relating to his negligence, petition by

the first driver that the new trial in each of the passenger cases be limited to the issue of the second driver's liability and that the jury's verdict finding the first driver free from negligence in those cases be allowed to stand is denied by the Court of Appeals, where the evidence and the court's charge thereon relative to the conduct of the two drivers was so interwoven and so interrelated that it would be impossible to give rational consideration to the conduct of one driver except as it was affected by and related to the simultaneous conduct of the other driver.

PETITION to rehear this case, reported in 4 N.C. App. 325, 167 S.E. 2d 97.

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter and Larry B. Sitton, for petitioner on rehearing, defendant Donald Guy Kinney.*

*Arch K. Schoch, Jr., for respondent Kenneth E. Crowson (plaintiff in Case No. 2).*

*Jerry M. Shuping, and Smith & Casper, by Archie L. Smith, for respondent John L. Noll, Jr. (plaintiff in Case No. 3).*

*Ottway Burton, and Haworth, Riggs, Kuhn & Haworth, by John Haworth, for respondent Charles Reid Goley, Sr., defendant.*

PARKER, J.

These three civil actions, which were consolidated for trial, arose out of the same two-car automobile collision. In the first case Kinney, driver of the southbound automobile, sued Goley, driver of the northbound automobile, who was making a left turn. The other two cases were brought by Crowson and Noll, passengers in Kinney's automobile, against both drivers. In all three cases the jury answered the issues of negligence in favor of Kinney and against Goley. On appeal this Court found error in the judge's charge to the jury as to the effect of G.S. 20-154, if they should find as a fact that Goley had failed to give a proper turn signal. Since the erroneous portion of the charge was relevant to all three cases, we held appellant Goley, a defendant in all cases, entitled to new trials in all three cases.

In apt time after the filing of our decision, Kinney, driver of the other vehicle, filed a petition in this Court to rehear, asking that our opinion be modified to provide that the new trial in each of the passenger cases be limited to the issue of Goley's liability and that the jury's verdict finding Kinney free from negligence in those cases be allowed to stand. We granted the petition in order to clarify our opinion and to resolve the issue raised.

Petitioner Kinney contends that the grant of new trials as to

defendant Goley should not disturb the verdicts in petitioner's favor in the two passenger cases, since the portion of the judge's charge found to be erroneous related only to negligence of defendant Goley and, so petitioner argues, bore no relationship to the jury's finding of no negligence on the part of Kinney.

In our opinion reported in *Kinney v. Goley,* 4 N.C. App. 325, 333, 167 S.E. 2d 97, 103, we said:

> "We deem it unnecessary to consider the remaining assignments of error made by appellants Crowson and Noll, since in any event there must be new trials and the questions raised will probably not recur."

We have now further examined those assignments of error and are of opinion that error prejudicial to Crowson and Noll was probably committed in the trial court's instructions to the jury in the cases brought by the two passengers, in failing to charge in those cases on the provisions of G.S. 20-141(c) and their applicability to the duty of defendant Kinney under the evidence presented at the trial. We do not, however, find it necessary to decide this question, since we are of the opinion that in any event the request of defendant Kinney that the new trials awarded in the two passenger cases be against defendant Goley only should be denied.

**[1, 2]**    That the Court has power to grant a partial new trial in appropriate cases has long been settled by the decisions of our Supreme Court. *Johnson v. Lewis,* 251 N.C. 797, 112 S.E. 2d 512, and cases cited therein. However, it is also settled beyond controversy that it is entirely discretionary with the Court whether it will grant a partial new trial in a particular case. *Paris v. Aggregates, Inc.,* 271 N.C. 471, 157 S.E. 2d 131; *Jenkins v. Hines Co.,* 264 N.C. 83, 141 S.E. 2d 1; *Lumber Co. v. Branch,* 158 N.C. 251, 73 S.E. 164; *Benton v. Collins,* 125 N.C. 83, 34 S.E. 242; *Burton v. Railroad,* 84 N.C. 192. Our Supreme Court has stated that ". . . before such partial new trial is ordered it should clearly appear that no possible injustice can be done to either party," *Jarrett v. Trunk Co.,* 144 N.C. 299, 302, 56 S.E. 937, 938; and ". . . where the questions involved are so interwoven that they cannot be separated and a new trial allowed as to one or more issues, without prejudicing the rights of one or more of the parties or preventing a full and just trial of the whole matter, the power to grant a partial new trial should not be exercised." *Gregg v. Wilmington,* 155 N.C. 18, 30, 70 S.E. 1070, 1075.

**[3]**    In the present case the evidence and the court's charge thereon relative to the conduct of the respective drivers of the two vehicles

involved in the collision was so interwoven and so interrelated that it would be impossible to give rational consideration to the conduct of one driver except as it was affected by and related to the simultaneous conduct of the other driver. Therefore a new trial of the passenger cases as to one driver should, in fairness to all parties, call for a fresh jury consideration of the interrelated conduct of both drivers.

After full consideration this Court, in the exercise of its discretion, denies petitioner Kinney's request for a partial new trial in the two passenger cases and awards a new trial in each case on all issues raised by the pleadings therein.

New trial.

MALLARD, C.J., and BROCK, J., concur.