VIRGINIA DORIS COLLIER HOWELL v. JOHN JAMES HOWELL
AND JOHN J. HOWELL v. VIRGINIA DORIS COLLIER HOWELL

No. 746DC655

(Filed 4 December 1974)

Divorce and Alimony § 8— evidence of abandonment — failure to submit issue erroneous

Where the wife's action against the husband for divorce from bed and board, alimony and counsel fees was consolidated with the husband's action against the wife for absolute divorce on the ground of one year's separation, the trial court erred in failing to submit to the jury an issue with respect to constructive abandonment, since there was evidence tending to show that the husband had beaten the wife on several occasions prior to the separation, that the husband threatened to kill his wife, and that she left him out of fear after a severe beating.

APPEAL by Mrs. Virginia Doris Collier Howell from *Blythe, Judge,* 4 March 1974 Session of District Court held in NORTHAMPTON County.

On 26 January 1973, Mrs. Howell instituted an action against her husband, John J. Howell, seeking a divorce from bed and board, temporary and permanent alimony, and counsel fees. Mr. Howell answered, denying the material allegations of the complaint.

On 19 December 1973, Mr. Howell instituted an action against Mrs. Howell seeking an absolute divorce on ground of one-year separation. Mrs. Howell answered and pled as an affirmative defense that the separation was due to the constructive, willful abandonment by Mr. Howell because of his vicious assault on her. Mrs. Howell also counterclaimed, setting forth her pending action for permanent alimony and divorce from bed and board.

When the cases came on for trial, they were consolidated. Appellant requested the submission of an issue on constructive abandonment and for jury instructions on that issue, but the request was denied. The court did submit issues as to whether Mr. Howell offered such indignities to Mrs. Howell as to render her condition intolerable and life burdensome, and whether such indignities were without just cause or provocation. The jury answered the issues submitted in favor of Mr. Howell. From judgment denying her claim for alimony and granting Mr. Howell an absolute divorce, Mrs. Howell appealed.

*Johnson, Johnson & Johnson, by Bruce C. Johnson, for appellant.*

*No counsel contra.*

BRITT, Judge.

Appellant's main contention is that the trial judge should have submitted the issue of constructive abandonment and should have instructed the jury on this issue. We agree. The primary ground of appellant's original action and the counterclaim to her husband's action for an absolute divorce is constructive abandonment. Evidence presented at the trial tended to show: Prior to the separation, Mr. Howell on several occasions had beaten Mrs. Howell, and threatened to kill her; that on the night of 13 December 1972, he severely beat her with his fist and she left the next morning out of fear and remained separated from him; that as a result of said beating, her face and nose were swollen; that they have lived separate and apart since 14 December 1972.

It is well settled that a trial judge has the duty, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising on the pleadings. G.S. 1A-1, Rule 49 (b) [former G.S. 1-200] ;

*Wheeler v. Wheeler,* 239 N.C. 646, 80 S.E. 2d 755 (1954);
*Nebel v. Nebel,* 241 N.C. 491, 85 S.E. 2d 876 (1955).

In *Panhorst v. Panhorst,* 277 N.C. 664, 670, 178 S.E. 2d 387 (1971), the court said:

> "It is the duty of the court to charge the law applicable to the substantive features of the case arising on the evidence, without special request, and to apply the law to the various factual situations presented by the conflicting evidence." (Citation). Rule 51(a) of the Rules of Civil Procedure, formerly G.S. 1-180, "requires the judge 'to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into view the relations of the particular evidence adduced to the particular issues involved.' (Citation)." (Citations omitted.)

We hold that under the pleadings and evidence in this case, the trial court erred in not submitting an issue with respect to constructive abandonment and in failing to instruct the jury on that issue.

While the error that we have determined relates primarily to only one issue, we conclude that all of the issues are so interrelated that the ends of justice require a new trial of the whole case. It is so ordered. 1 Strong, N. C. Index 2d, Appeal and Error § 62, at 239 (1967); *Paris v. Aggregates, Inc.,* 271 N.C. 471, 157 S.E. 2d 131 (1967); *Kinney v. Goley,* 6 N.C. App. 182, 169 S.E. 2d 525 (1969).

New trial.

Judges HEDRICK and MARTIN concur.