CHARLES HARRISON, JR., T/A CRAFT MART HOMES, INC. v. BARBARA M. McLEAR

No. 8027SC212

(Filed 7 October 1980)

**Contracts § 28.1– partial construction of house – builder's right to partial payment — instructions inadequate**

In an action to recover for the building of a house, plaintiff is entitled to a new trial where the evidence tended to show that plaintiff performed on the parties' contract by constructing at least a portion of the house, then requested partial payment according to the terms of the agreement, and defendant did not authorize FHA to make partial payments as provided in

the contract, but the trial court's instructions did not, with reference to the evidence, declare and explain under what circumstances, if any, plaintiff would be entitled to payments or under what circumstances, if any defendant would be justified in refusing to approve payments.

APPEAL by plaintiff from *Thornburg, Judge.* Judgment entered 10 August 1979 in Superior Court, GASTON County. Heard in the Court of Appeals on 9 September 1980.

In this civil action, plaintiff, a building contractor, seeks to recover $12,956.41 for having built a house for defendant pursuant to a contract entered into on 16 December 1977. In his complaint, plaintiff alleged, among other things, that plaintiff and defendant entered into a contract under which plaintiff agreed to construct a dwelling for defendant in consideration for $23,800; that plaintiff began construction on or about 20 December 1977; that on or about 6 March 1978 plaintiff furnished defendant with a statement of labor and materials procured under the contract and requested defendant to release a portion of certain funds held by the Farmers Home Administration, which defendant refused to do; that plaintiff continued to work on the dwelling until mid-May 1978, when defendant refused to allow plaintiff or any of those working for plaintiff to come on defendant's property; and that plaintiff had made numerous demands of the defendant for sums owed to plaintiff for labor performed and materials furnished, but that defendant had failed to pay those sums. Defendant filed answer, admitting the existence of the contract and that plaintiff had furnished labor and materials for construction of a dwelling, but alleging that plaintiff did not commence construction until late January 1978 and that defendant did not prevent plaintiff from working on the house until July 1978. Defendant further alleged that plaintiff breached the contract when he quit working on the house. So much of the evidence offered at trial as is necessary for an understanding of the decision in this case is set out in the Opinion to follow.

The following issues were submitted to the jury and answered as indicated:

1. Did the plaintiff and defendant enter into a contract on December 16, 1977, for construction of a home by plaintiff?

ANSWER: Yes

2. Did plaintiff last furnish labor, supplies, or both during the last week of June or first week of July, 1978?

ANSWER: Yes

3. Did defendant breach her contract with plaintiff by failing to authorize payments of sums due under the terms of the contract?

ANSWER: No

4. Did plaintiff breach his contract with defendant by:

(a) failing to complete the home within the specified contract period?

ANSWER:

(b) failing to complete construction of the home called for under the terms of the contract?

ANSWER:

5. What amount of damages is plaintiff entitled to recover from defendant?

ANSWER: $

From a judgment entered on the verdict that plaintiff have and recover nothing from defendant, plaintiff appealed.

*Lloyd T. Kelso, for the plaintiff appellant.*

*Robert H. Forbes, for the defendant appellee.*

HEDRICK, Judge.

Plaintiff's several assignments of error relate to the issues submitted to the jury, and the instructions given thereon. It is the duty of the trial judge to declare and explain the law arising on the evidence given in the case. G.S. § 1A-1, Rule 51 (a); *N.C. Board of Transportation v. Rand,* 299 N.C. 476, 263 S.E.2d 565 (1980); *Rector v. James,* 41 N.C. App. 267, 254 S.E.2d 633 (1979). This means, among other things, that the judge must submit to the jury such issues as when answered by them will resolve all material controversies between the parties, as raised by the pleadings. *Link v. Link,* 278 N.C. 181, 179 S.E.2d 697 (1971); *Wes-*

*ley v. Lea*, 252 N.C. 540, 114 S.E.2d 350 (1960); *Howell v. Howell*, 24 N.C. App. 127, 210 S.E.2d 216 (1974). *See also* G.S. § 1A-1, Rule 49(b). Therefore, the trial judge must explain and apply the law to the specific facts pertinent to the issue involved. *Investment Properties of Asheville, Inc. v. Norburn*, 281 N.C. 191, 188 S.E.2d 342 (1972).

The evidence offered at trial tends to show the following: Plaintiff, a home builder with sixteen years' experience, first discussed building defendant's house with defendant in late August or early September 1977. Plans were drawn up, and on 16 December 1977, the parties entered into a construction contract with the Farmers Home Administration (FHA). Under this contract, the house was to be completed by 16 March 1978, and plaintiff was to receive upon his request and upon approval by FHA and defendant monthly payments not to exceed sixty percent (60%) of the value of the work in place. Work on the house was not begun until mid-February because of "unusually cold and wet" weather. By mid-March 1978, the house "was enclosed, with all walls and the roof in place." At that time, plaintiff asked FHA for a partial payment, and FHA requested that plaintiff install another subflooring prior to payment, which plaintiff did. Plaintiff never received any payment, however, because defendant refused to approve it. Plaintiff continued to work on the house, and on 3 June 1978 defendant demanded changes in the trim; plaintiff refused.

Plaintiff thereafter delayed work until 19 June 1978 to allow defendant to do the trim changes herself. When plaintiff resumed work, defendant continued to complain, and sometime around the first of July 1978, work ceased on the house altogether. The house was approximately 55% completed at that point, and plaintiff never received any payment for work done on the house.

Our disposition of this case makes it unnecessary for us to discuss whether the issues submitted to the jury were altogether sufficient to resolve the controversies between plaintiff and defendant, or whether the instructions with respect to all issues were adequate and free from prejudicial error. We hold the instructions with respect to the third issue were so inadequate as to require a new trial. As to the third issue, the entire instructions were as follows:

Did the defendant breach her contract with the plaintiff by failing to authorize payments of sums due under the terms of the contract?

The burden of proof on this issue is on the plaintiff to satisfy you from the evidence and by its greater weight that the defendant did in fact breach her contract with the plaintiff by failing to authorize payments of sums due under the terms of the contract.

Now, a breach of contract, members of the jury, is a violation or nonfulfillment of the obligation, agreement, or duties imposed by the contract. A breach occurs when a party without legal excuse fails to perform any promise which is all or a part of the contract. An unjustified failure to pay or authorize payment of the total sums or a portion of the sums due under the terms of the contract would constitute a breach of the contract terms.

Now, in this case, the plaintiff contends that he was entitled to draw at least a portion of the money due under the terms of the contract as the work progressed but that the defendant in this case refused to authorize payments under the terms of the contract.

The defendant on the other hand contends that the plaintiff could have had some of the money but was not entitled to the amount of money that he sought or is now seeking.

So, as to this issue, members of the jury, the court instructs you that if the plaintiff has satisfied you from the evidence and by its greater weight that the defendant breached her contract with the plaintiff by failing to authorize at least a portion of the payment of sums due under the terms of the contract, then it would be your duty to answer this issue yes. However, on the other hand, if you fail to so find by the greater weight of the evidence, then it would be your duty to answer this issue no.

Now, if you answer this issue no, you would not answer the remaining issues, . . .

Under the terms of the contract between the parties, plaintiff agreed to construct a house for defendant. When plaintiff

performed his part of the bargain, defendant had a duty to authorize partial payments as provided by the terms of the contract. The evidence tends to show that plaintiff performed by constructing at least a portion of the house, and requested partial payment according to the terms of the agreement. The evidence further tends to show defendant failed to perform her duty by authorizing FHA to make partial payments as provided in the contract. The instructions made no reference to the evidence regarding plaintiff's performance, or defendant's duty in the event of plaintiff's performance. The only reference to the evidence with respect to performance and duty made by the trial judge was that plaintiff contended he was entitled to payments, and defendant contended "plaintiff could have had some of the money but was not entitled to the amount of money that he sought or is now seeking." Nowhere did the trial judge with reference to the evidence and the law declare and explain under what circumstances, if any, plaintiff would be entitled to payments or under what circumstances, if any, defendant would be justified in refusing to approve payments.

While we realize the instructions on the fourth issue were more complete and definitive, that portion of the instructions that the jury was not to consider the fourth and fifth issues if it answered "no" to the third issue, coupled with the court's failure to explain and apply the law to the specific facts pertinent to the issue involved, erroneously and effectively prejudiced plaintiff's claim. For the reasons stated, the judgment entered on the verdict is vacated, and the cause is remanded to the superior court for a new trial.

New trial.

Judges HILL and WHICHARD concur.