UNITED STATES OF AMERICA v. CHARLES A. HARRISON, JR., TRADING AS CRAFT MART HOMES, INC., AND BARBARA M. McLEAR (REDDING)

No. 8027SC457

(Filed 7 October 1980)

APPEAL by defendant, Charles A. Harrison, Jr., trading as Craft Mart Homes, Inc., from *Kirby, Judge.* Judgment entered 25 January 1980 in Superior Court, GASTON County. Heard in the Court of Appeals 9 September 1980.

This is an interpleader action under the provisions of Rule 22 of the North Carolina Rules of Civil Procedure, G.S. 1A-1, wherein the plaintiff, the United States of America, deposited its check in the sum of $7,783.85 with the Court, asking the Court to determine the respective rights of the defendant Charles A. Harrison, Jr., trading as Craft Mart Homes, Inc., (hereafter Harrison) and the defendant Barbara M. McLear (Redding) (hereafter McLear) to the said funds. The complaint

for interpleader alleges that on 16 December 1977 the defendant McLear became indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, as the result of a $25,500.00 loan made to her by that agency. It further alleges that the defendant McLear contracted with defendant Harrison for the construction of a residence at a contract price of $23,800.00; that the defendant Harrison began construction pursuant to the contract, but after he proceeded for several months beyond the agreed upon completion date, defendant McLear terminated his right to proceed under the contract; that defendant McLear then hired a new contractor who completed the work at a cost to her of $16,893.00; that defendant Harrison filed an action against defendant McLear seeking to recover under the aforesaid contract, in which the jury found that the defendant McLear had not breached her contract with the defendant Harrison by failing to authorize payments of sums due under the contract, and in which judgment was entered that Harrison should take nothing from McLear. The plaintiff admits that it owes one of the defendants the sum of $7,783.85 which represents the undisbursed balance of the construction loan proceeds, but alleges that because of the adverse claims which may be made upon it by the defendants, it could not make payment to either of the defendants without being subjected to possible multiple liability. The prayer for relief asks that each defendant be cited to appear and answer, setting up his or her claims to the funds, and that judgment be entered that plaintiff, having deposited the sum of $7,783.85 with the Court, be forever discharged from liability with repect to the fund and the defendants.

The defendant McLear answered the complaint alleging that since the money was loaned to her, the remaining funds should be paid to her. She prayed for judgment on the pleadings to that effect. The defendant Harrison moved for summary judgment on the ground that he was entitled to judgment as a matter of law.

From a judgment ordering the plaintiff to pay the said sum of $7,783.85 plus interest to the defendant McLear and discharging the plaintiff from further liability upon such payment, the defendant Harrison appealed.

---

United States v. Harrison

---

*Lloyd T. Kelso for defendant appellant (Charles T. Harrison, Jr., trading as Craft Mart Homes, Inc.).*

*Robert H. Forbes for defendant appellee (Barbara M. McLear [Redding]).*

WHICHARD, Judge.

The judgment in the prior action between the defendant appellant Harrison and the defendant appellee McLear that Harrison should take nothing from McLear formed the basis for the judgment in this action ordering the plaintiff to pay to defendant McLear the undisbursed construction loan proceeds in the sum of $7,783.85. This Court has vacated the judgment entered in that action and remanded the cause to the superior court for a new trial. *Harrison v. McLear,* 49 N.C. App. 121, 270 S.E. 2d 577 (1980).

Entitlement to the funds here in question necessarily must remain uncertain until that action is either settled or resolved by a new trial free from prejudicial error. Consequently, the judgment here must be vacated and the cause remanded for further proceedings consistent with the final resolution of that action.

Our decision should not be construed to prohibit the trial court from discharging the plaintiff from its liability with respect to the defendants in this action at such time as it finds the plaintiff to have complied with the procedures requisite to such discharge.

Vacated and remanded.

Judges HEDRICK and HILL concur.