RENTAL TOWEL AND UNIFORM SERVICE v. BYNUM
INTERNATIONAL, INC.

No. 8012DC645

(Filed 17 March 1981)

**Contracts § 28— breach of contract action – instructions improper**

 In an action to recover damages for breach of a contract under which plaintiff supplied uniforms for defendant's employees, evidence was suffi-

cient to raise a question for the jury as to whether the parties intended to enter into a thirty month contract or whether they intended to enter a contract for a renewal term, and the trial court erred in failing to so instruct the jury.

Judge CLARK dissenting.

APPEAL by defendant from *Cherry, Judge.* Judgment entered 18 March 1980 in District Court, CUMBERLAND County. Heard in the Court of Appeals 3 February 1981.

This is a civil action wherein plaintiff seeks to recover damages for breach of a contract under which plaintiff supplied uniforms for defendant's employees. In its complaint dated 9 August 1979, plaintiff, *inter alia,* alleged that on 8 November 1978 it and defendant entered into a contract for uniform rental at an agreed price to run for thirty months from the installation date of 11 December 1978; that defendant breached this contract on or about 29 May 1979 by informing plaintiff to retrieve its uniforms and discontinue future service; and that plaintiff was therefore entitled to liquidated damages under the contract of $3,276.44. Defendant answered 3 October 1979, denying the material allegations of the complaint and further alleging in a counterclaim that on or about 16 October 1978 plaintiff and defendant renewed an existing contract for uniform rental with the term of this "renewal contract" to be one year, and that defendant should recover $1,000 from plaintiff for tendering non-conforming goods under this contract. Plaintiff replied 4 October 1979 denying the material allegations of the counterclaim.

At trial, plaintiff offered a paper writing entitled "Rental Service Agreement" which contained the signature of John W. Miller, the general manager of plaintiff, dated 8 November 1978, and the signature of Richard F. Bynum, the president of defendant. Miller testified that plaintiff and defendant had been doing business under a contract which began in 1976, and that this prior contract had expired and the parties "were in the process of renegotiating a new contract." Miller also testified that he received the paper writing noted above on 8 November 1978. The document had been signed by Bynum, and the date "10/16/78" was written in the blank labelled "renewal," while nothing appeared in the blank labelled "installation date." Since it was Miller's understanding that the date 16 October

1978 represented the date Bynum had signed the contract, and since plaintiff's "standard process" was to "put the customer number in the blank that said renewal," Miller struck out the date "10/16/78" in the blank labelled "renewal" and wrote in defendant's "identification number." Miller then inserted the date "12/11/78" in the blank labelled "installation date," and signed and dated the document. Although the "normal procedure" was to deliver a copy of the document to the customer, Miller could not locate or recall what happened to defendant's copy. Plaintiff ordered new uniforms for defendant "[u]pon the entry into this contract" and the first delivery of these uniforms occurred on 11 December 1978. Uniforms were delivered to and paid for by defendant for several months.

Two other employees of plaintiff, Larry A. Vetter, a route salesman, and Stanley Willis, a route supervisor, testified as to Bynum's expressing dissatisfaction sometime in late May 1979 as to short sleeve shirts that were delivered beginning about 15 May 1979. Bynum wanted new shirts, which plaintiff ordered, received, and had ready to deliver some two weeks thereafter. Vetter made the "final pickup" of uniforms from defendant on 23 July 1979.

Defendant offered the testimony of Bynum that defendant had rented towels and uniforms from plaintiff since 1976 and that about October, 1978, Bynum "had a conversation with one of the plaintiff's representatives concerning new uniforms." The representative told Bynum that he would have to sign a "renewal agreement" before he could receive new uniforms. Bynum admitted signing the paper writing offered by plaintiff but he testified that "it had been changed since I signed it." He testified that "[t]he renewal date has been struck out and our former contract number has been inserted in the renewal blank. Also, there is a date written in the blank for the installation date and it has been signed by Mr. Miller." Bynum did not see the paper writing "as it now appears" until plaintiff's representatives, including Miller, came to see Bynum about defendant's discontinuation of service. Though Bynum testified that he was "not surprised to see the installation date because I knew they could not install the uniforms on the same day that I ordered them," Bynum did not understand that the agreement was to run for thirty months from the installation date. Bynum was not aware that paragraph two of the document provided

that the agreement was to continue for thirty months from the installation date since he "signed the contract as a renewal." His interpretation of the paper writing was that the agreement was to be for twelve months. At the close of all the evidence, the court granted plaintiff's motion for a directed verdict on defendant's counterclaim and submitted the following issues to the jury, which were answered as indicated:

(1) Did the parties intend to enter into a contract to become effective on the installation date of December 11, 1978, with the terms of the contract to be as set forth in Paragraph Two (2) of the contract?

Yes: _____X_____          No _____

(2) Did the defendant, Bynum International, Inc. breach the contract?

Yes: _____X_____          No _____

From a judgment entered on the verdict that plaintiff have and recover of defendant $3,276.44 as liquidated damages, and from a judgment directing a verdict for plaintiff on defendant's counterclaim, defendant appealed.

*H. Gerald Beaver, for the plaintiff appellee.*

*Bowen & Lytch, by Benjamin N. Thompson, for the defendant appellant.*

HEDRICK, Judge.

It is the duty of the trial judge to declare and explain the law arising on the evidence given in the case. G.S. § 1A-1, Rule 51(a); *N.C. Board of Transportation v. Rand,* 299 N.C. 476, 263 S.E. 2d 565 (1980); *Rector v. James,* 41 N.C. App. 267, 254 S.E. 2d 633 (1979). This means, among other things, that the judge must submit to the jury such issues as when answered by them will resolve all material controversies between the parties, as raised by the pleadings and the evidence. *Link v. Link,* 278 N.C. 181, 179 S.E. 2d 697 (1971); *Howell v. Howell,* 24 N.C. App. 127, 210 S.E. 2d 216 (1974). *See also* G.S. § 1A-1, Rule 49(b). *See,* generally, *Harrison v. McLear,* 49 N.C. App. 121, 270 S.E. 2d 577 (1980).

Paragraph two of the paper writing admittedly executed by plaintiff and defendant in pertinent part provides:

2. TERM OF AGREEMENT: In consideration of the substantial investment by RENTAL [plaintiff] in merchandise and equipment to provide service to CUSTOMER [defendant], this Agreement shall continue for thirty (30) months from the installation date, and shall continue from year to year thereafter, provided it is not terminated by either party by written notice to the other at least sixty (60) days prior to the expiration of the initial term or any renewal term. . . .

. . .

If the CUSTOMER fails to comply with this Agreement, or if the CUSTOMER elects to terminate it for any reason prior to the expiration of the term above stated, the CUSTOMER will pay RENTAL as liquidated charges, an amount equal to one-half of the total regular weekly rental multiplied by the number of weeks remaining in the term, plus the current replacement value of any garments not returned to RENTAL.

The evidence is sufficient to raise an inference that the parties intended to enter into a thirty month contract. However, we believe that the evidence is also sufficient to raise an inference that the parties intended to enter into a contract for a renewal term. The paper writing (plaintiff's Exhibit No. 1), admittedly executed by both parties, refers to an original contract to be effective for thirty months from the "installation date," but the same paper writing also refers to a "renewal" agreement. We think it significant that plaintiff's Exhibit No. 1, the contract form used by the parties, contained in the upper right hand corner the word "renewal" with a blank to be filled in, and the words "installation date" with a blank to be filled in. Defendant's president, Bynum, testified that the blank beside the word "renewal" had already been filled in with the date "10/16/78" when he executed the agreement. Plaintiff's general manager, Miller, testified that when he received the agreement executed by defendant he personally struck out the date "10/16/78" and filled in the blank beside the words "installation date" with the date "12-11-78." When the testimony of defendant's president is considered together with plaintiff's Exhibit No. 1, we are of the opinion that the evidence raises the inference sufficient to be submitted to the jury that defendant intended

only to enter into a contract for a renewal term. Therefore, the only controversy raised by the evidence is whether the parties intended to enter a thirty month contract, or whether they intended to enter a contract for a renewal term.

The first issue submitted to the jury, in our opinion, does not resolve the controversy between the parties. This issue refers to a contract "to become effective on the installation date of December 11th, 1978, with the terms of the contract to be as set forth in paragraph two (2) of the contract." The provisions of paragraph two of plaintiff's Exhibit No. 1 refer to the "installation date" only as the beginning point of a full thirty month contract, and not as the beginning point of any renewal term. Thus, the issue submitted precludes any consideration by the jury that the parties intended to enter into a contract for a renewal term.

In order to resolve the controversy raised by the evidence, the jury must be given the opportunity to determine (1) whether the parties intended to enter into a thirty month contract, and (2) whether the parties intended to enter a contract for a renewal term. If the jury answers the first issue yes, there would be no necessity to answer the second issue, but if the jury answers the first issue no, it must answer the second issue. There is no controversy that defendant breached the contract, and there would be no necessity to submit such an issue. Whichever issue the jury answers in the affirmative, the court can calculate the damages from paragraph two of plaintiff's Exhibit No. 1.

Because of the error in the submission of an improper issue, there must be a new trial with respect to plaintiff's claim. Since no error has been assigned by defendant to the portion of the judgment directing a verdict for plaintiff with respect to defendant's counterclaim, that portion of the judgment will be affirmed.

New trial in part; affirmed in part.

Judge MARTIN (Robert M.) concurs.

Judge CLARK dissents.

Judge CLARK dissenting:

I see no reason to disturb the award of $3,276.44 to the plaintiff after jury trial in the District Court.

The plaintiff alleged and offered evidence tending to show a renegotiated new contract to cover a period of 30 months, as provided in Paragraph 2 of the printed contract. Defendant in his answer denied the new 30-month contract. Defendant also counterclaimed, alleging a renewal contract for a period of 12 months, and a breach by plaintiff, but the trial court directed a verdict for plaintiff on defendant's counterclaim, and defendant did not contest the ruling on appeal. Under the circumstances the issues submitted were properly raised by the pleadings and the evidence and were sufficient to resolve all material controversies between the parties.

The two issues proposed by the majority were not necessary, and the second issue submitted in this case was raised by defendant's evidence of the failure to deliver the uniforms in apt time.

I vote to affirm.