JOHNNY E. BREWER, Plaintiff v. CABARRUS PLASTICS, INC., Defendant

No. COA00-364

(Filed 4 September 2001)

**Civil Rights— racial discrimination—Equal Employment Practices Act—race or retaliation as determinative factor**

The trial court erred in a racial discrimination case under 42 U.S.C. § 1981 and the Equal Employment Practices Act of N.C.G.S. § 143-422.1 by failing to give plaintiff employee's proposed jury instructions that plaintiff must prove by a preponderance of the evidence that race or retaliation was a determinative factor in the action taken by defendant to terminate plaintiff's employment based on plaintiff filing discrimination charges with the Equal Employment Opportunity Commission because the

**BREWER v. CABARRUS PLASTICS, INC.**

[146 N.C. App. 82 (2001)]

instant case of intentional discrimination was in the category of a circumstantial evidence or pretext case, meaning the dispositive question should be whether race or retaliation was a determinative factor in the adverse employment decision.

Judge WALKER dissenting.

Appeal by plaintiff from judgment entered 18 May 1999 and orders entered 12 May and 17 July 1999 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 22 February 2001.

*Julie H. Fosbinder; and Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by John W. Gresham, for plaintiff appellant.*

*Robinson, Bradshaw & Hinson, P.A., by Richard A. Vinroot and Frank H. Lancaster, for defendant appellee.*

SMITH, Judge.

This is the second appeal arising out of the present case. For a complete statement of the facts in this case, see this Court's previous opinion at *Brewer v. Cabarrus Plastics, Inc.*, 130 N.C. App. 681, 504 S.E.2d 580 (1998), *disc. review denied*, 350 N.C. 91, 527 S.E.2d 662 (1999) (*Brewer I*). However, under the facts of the case *sub judice*, no recitation of the facts is necessary for an understanding of our opinion other than as stated herein.

Plaintiff's action was initiated by application and order extending time to file complaint dated 16 March 1995. Plaintiff alleged that defendant discriminated against him on the basis of race and for retaliation for filing a complaint of racial discrimination, in violation of 42 U.S.C. § 1981 and the Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 (1999). Cabarrus Plastics, Inc. (CPI) filed a motion for summary judgment, which was denied on 6 November 1995.

The case was first tried in May 1996. At the close of plaintiff's evidence, CPI moved for directed verdict. The motion was granted and judgment entered on 28 May 1996. Plaintiff appealed. This Court reversed and remanded the matter for a new trial. *Brewer I*, 130 N.C. App. at 681, 504 S.E.2d at 580.

BREWER v. CABARRUS PLASTICS, INC.

[146 N.C. App. 82 (2001)]

The second trial was held in May 1999. On 14 May 1999, the jury returned with a verdict in favor of defendant. The trial court entered judgment on 18 May 1999. Plaintiff appeals.

We first consider whether the trial court erred by failing to give plaintiff's proposed jury instructions. Plaintiff's proposed instruction in part stated:

The plaintiff must prove by a preponderance of the evidence that race or retaliation was a determinative factor in the action taken by the Defendant. The plaintiff need not establish that race and/or retaliation was the sole factor motivating the defendant. Other factors may have motivated the Defendant as well. The Plaintiff demonstrates that race and/or retaliation was a determinative factor if he shows that "but for" either or both of those factors, the discipline or the termination would not have taken place.

Instead, the trial court instructed the jury that the burden of proof was on plaintiff to prove by the greater weight of the evidence "that the defendant terminated the plaintiff's employment *on account* of his race or on account of his filing discrimination charges with the equal employment opportunity commission." (Emphasis added). *Plaintiff argues that the trial court's instruction does not address the* issue of dual motivation, and suggested to the jury that if an employer had a separate lawful motivation for the termination, plaintiff could not prevail. Plaintiff additionally argues that the trial court should have granted its request for an instruction that if the jury found direct evidence of a discriminatory or retaliatory motive, then the burden would shift to defendant to prove "by a preponderance of the evidence that it would have made the decision to discipline and/or terminate [plaintiff] irrespective of the motivation which has been shown by the direct evidence."

After careful review of the record, briefs, and contentions of the parties, we reverse and remand the matter for a new trial. Plaintiff alleged in his complaint that defendant discriminated against him on the basis of race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiff also alleged that defendant fired him in retaliation for filing a complaint of discrimination with the Equal Employment Opportunity Commission (EEOC). "Plaintiff's retaliation claim is likewise actionable under § 1981." *Brewer I*, 130 N.C. App. at 686, 504 S.E.2d at 583.

BREWER v. CABARRUS PLASTICS, INC.

[146 N.C. App. 82 (2001)]

We also note that, although plaintiff filed suit pursuant to a federal statute in state court, plaintiff's relief would be the same as though he had proceeded in federal court under § 1981. *See Glenn-Robinson v. Acker*, 140 N.C. App. 606, 612, 538 S.E.2d 601, 607 (2000), *appeal dismissed and disc. review denied*, 353 N.C. 372, 547 S.E.2d 811 (2001). Furthermore, plaintiff's state claims alleging discrimination and retaliation in violation of the Equal Employment Practices Act, N.C. Gen. Stat. § 143-422, *et seq.*, are likewise analyzed under federal law. *Dept. of Correction v. Gibson*, 308 N.C. 131, 136, 301 S.E.2d 78, 82 (1983).

In determining claims of intentional discrimination in employment under § 1981, two categories of analysis have developed: (1) the circumstantial evidence or pretext model, and (2) the direct evidence or mixed-motive model. *Brewer I*, 130 N.C. App. at 686, 504 S.E.2d at 584; *Fuller v. Phipps*, 67 F.3d 1137, 1141 (4th Cir. 1995). The distinction between these two categories is crucial, because plaintiffs enjoy more favorable standards of liability in mixed-motive cases. *Fuller*, 67 F.3d at 1141.

In circumstantial evidence cases:

Establishment of a *prima facie* case gives rise to a presumption that "the employer unlawfully discriminated against the employee." The employer then has the "burden of *producing* evidence to rebut the presumption of discrimination." The employer's burden of production is satisfied "if he simply explains what he has done or produces evidence of legitimate non-discriminatory reasons."

Upon production by the employer of an "explanation . . . legally sufficient to support a judgment" in its favor, "the [employee] is then given the opportunity to show that the employer's stated reasons are in fact a pretext for intentional discrimination." In doing so, the employee may rely on evidence offered to establish a *prima facie* case "to carry his burden of proving pretext."

*Brewer I*, 130 N.C. App. at 687, 504 S.E.2d at 584 (citations omitted). *See also Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 278 (4th Cir. 2000). Most discrimination cases fall within this category. *Fuller*, 67 F.3d at 1141. This framework applies to retaliation claims as well. *Hawkins*, 203 F.3d at 281 n.1.

"By contrast, if plaintiffs can present sufficiently direct evidence of discrimination, they qualify for the more advantageous standards of liability applicable in mixed-motive cases." *Fuller*, 67 F.3d at 1141. "To earn a mixed-motive instruction . . . a plaintiff must satisfy the evidentiary burden necessary to make out a mixed-motive case. This requires 'direct evidence that decisionmakers placed substantial negative reliance on an illegitimate criterion.' " *Id.* at 1142 (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 104 L. Ed. 2d 268, 305 (1989) (plurality opinion)). Specifically, plaintiff must present "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude *and* that bear directly on the contested employment decision." *Id.* (emphasis added). "Whether a plaintiff has satisfied this evidentiary threshold is a decision for the [trial] court after it has reviewed the evidence." *Fuller*, 67 F.3d at 1142 (footnote omitted).

In the case at bar, plaintiff failed to present sufficient evidence to satisfy both prongs necessary to establish a mixed-motive case. While plaintiff did put on evidence of racial epithets allegedly used by plaintiff's supervisor, the alleged epithets *were not directly related in any way to the contested employment decision. Id.* Thus, the trial court properly denied plaintiff's request for a direct evidence or mixed-motive instruction. Accordingly, because plaintiff presented no direct evidence of discrimination, the instant case is more properly categorized as a pretext case.

As discussed previously, in pretext cases, the plaintiff must prove that the defendant's explanation for an adverse employment decision is really a pretext, and the contested employment decision was racially motivated. The "dispositive question" in a pretext case should be whether race or retaliation "was a *determinative factor* in the adverse employment decision." *Id.* at 1144 (emphasis added). By "determinative factor," it is meant that "liability depends on whether the protected trait . . . actually motivated the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 123 L. Ed. 2d 338, 346 (1993). In the instant case, the trial court never instructed the jury that the standard to be applied was that if race was "a determinative factor" in the employment decision, they would find for plaintiff. Instead, the trial court instructed the jury that plaintiff must prove that defendant terminated plaintiff's employment *on account* of race or retaliation, omitting the "determinative factor" test approved and utilized in *Fuller*. We find that the trial court's instruction was erroneous. The term "on account of," without a modifier, even when read

**BREWER v. CABARRUS PLASTICS, INC.**

[146 N.C. App. 82 (2001)]

in the context of the overall charge, could have been misconstrued by the jury to require that race be the *sole* decisional factor in the employment decision. *See Fuller*, 67 F.3d at 1144 (explaining that instructions are in error if the jury could construe them to require that race be the sole decisional factor in the adverse employment decision). Accordingly, we reverse and remand the matter for a new trial.

We finally note that plaintiff argued at trial that the trial court should instruct the jury that race, retaliation, *or a combination of both factors* could be the determinative factor in the adverse employment decision. We disagree. Although claims of retaliation are determined under the same evidentiary standards as claims of discrimination, each is a separate claim and plaintiff has the burden of establishing a *prima facie* case to support each claim independent of the other. Thus, we believe that on retrial, the trial judge should submit issues on each claim to the jury rather than combining them.

In light of our disposition in this matter, we need not address the other issues raised in this appeal.

Reversed and remanded for new trial.

Judge BIGGS concurs.

Judge WALKER dissents.

WALKER, Judge, dissenting:

I respectfully dissent from the majority opinion which concludes there was reversible error in the jury instructions as given by the trial court and grants plaintiff a new trial. I agree with the majority opinion which holds that plaintiff presented no direct evidence of discrimination and the case is more properly categorized as a pretext case.

In a pretext case, the jury must determine whether the employer " 'intentionally discriminated against [the employee]' because of his race." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511, 125 L. Ed. 2d 407, 418 (1993) (*quoting Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 67 L. Ed. 2d 207 (1981)). *See also Fuller v. Phipps*, 67 F.3d 1137, 1141 (4th Cir. 1995); *Mullen v. Princess Anne Volunteer Fire Co., Inc.*, 853 F.2d 1130, 1137 (4th Cir. 1988). In *Fuller*, the plaintiff was alleging race discrimination. The court reviewed the

jury instructions which asked the jury to determine whether "his race was **the** determinative factor" and whether "**but for** the fact that he is black he would have been reappointed." *Fuller*, 67 F.3d at 1141 (emphasis added). Further, the jury was instructed that "if [the employer] chose not to hire Fuller **for any other reason**, then Fuller cannot recover." *Id.* (emphasis added). The instructions concluded with the jury having to decide whether "race was **a** determinative factor in Fuller not being hired." *Id.* (emphasis added). The court held that those jury instructions, taken as a whole, did not rise to the level of reversible error. *Id.* at 1145. The court also specifically recognized that "the 'but for' instruction is an accurate one in pretext cases." *Id.* at 1144.

In the present case, the jury instructions given were similar to those in *Fuller*. The jury was asked to determine whether the termination of the plaintiff was "**on account of** his race or **on account of** his filing discrimination charges with the Equal Employment Opportunity Commission." (emphasis added). The jury was further instructed that "employers are prohibited from treating employees differently **because of** their race." (emphasis added). This instruction is an accurate statement of the law in pretext cases. *See Hicks*, 509 U.S. at 511, 125 L. Ed. 2d at 418; *Fuller*, 67 F.3d at 1141; *Mullen*, 853 F.2d at 1137. The phrase "because of" was approved by the U.S. Supreme Court in *Hicks*. *Hicks*, 509 U.S. at 511, 125 L. Ed. 2d at 418.

The question in the present case then becomes whether the phrase "on account of" is sufficiently similar to the approved language "because of" and "but for" when construing the jury instructions as a whole. Jury instructions should be a "straightforward explanation" of the law made in a "simple fashion." *Mullen*, 853 F.2d at 1137, 1138. In the common vernacular, the phrases "but for," "because of," and "on account of" are used interchangeably. Using language which is in the common vernacular and easily understood by the jury, such as "on account of" and "because of," is a proper means of instructing the jury on the law it is to apply to the facts. Just as the "but for" instruction in *Fuller* "restates in different language the court's unobjectionable 'a determinative factor' instruction," the "on account of" instruction in this case restates the same unobjectionable instruction. *Fuller*, 67 F.3d at 1144.

Although the plaintiff has cast his proposed jury instructions under the title "Circumstantial Evidence—Pretext," he did not submit an accurate statement of law to be applied in pretext cases. The plain-

tiff tendered instructions which state in part: "The plaintiff need not establish that race and/or retaliation was the sole factor motivating the defendant. Other factors may have motivated the Defendant as well." However, this proposed instruction on the "sole factor" and "other factors" is to be applied in a mixed-motive case rather than in a pretext case as here. *See Fuller*, 67 F.3d at 1141 (explaining that instruction based on statutory language, which reads in part: "race . . . was a motivating factor for any employment practice, even though other factors also motivated the practice," was "meant to apply only in mixed-motive cases, not in pretext cases").

Because the plaintiff did not present sufficient evidence to make out a mixed-motive case, this case is properly categorized as a pretext case. As in *Fuller*, the jury instructions, when taken as a whole, "plainly put before the jury the appropriate standards of liability in a pretext case." *Fuller*, 67 F.3d at 1145. Thus, jury instructions using the phrases "on account of" and "because of" when stating the law to be applied in pretext cases do not rise to the level of reversible error.