BREWER v. CABARRUS PLASTICS, INC.

[160 N.C. App. 688 (2003)]

———————————

JOHNNY E. BREWER, PLAINTIFF-APPELLANT v. CABARRUS PLASTICS, INC., DEFENDANT-APPELLEE

No. COA00-364-2

(Filed 21 October 2003)

## 1. Evidence— prior testimony—unavailability of witness—sufficiency of evidence

The trial court did not err by denying the admission of former trial testimony in the retrial of an employment discrimination claim. The trial court found that plaintiff presented no evidence of the unavailability of the witness other than the statements of counsel and an unverified motion to use the transcript of prior testimony. N.C.G.S. § 8C-1, Rule 804(b)(1).

## 2. Employer and Employee— discriminatory discipline—not submitted to jury

The trial court erred in an employment discrimination claim by not submitting to the jury the claim of discriminatory discipline. Although the jury found that plaintiff's termination was not the result of racial discrimination, the issue of discriminatory discipline was not submitted, and plaintiff was entitled to nominal damages upon a finding of discriminatory discipline even if there was no evidence of actual damages.

**BREWER v. CABARRUS PLASTICS, INC.**

[160 N.C. App. 688 (2003)]

This matter was originally heard in the Court of Appeals on 22 February 2001, on appeal by plaintiff from judgment entered 18 May 1999 and orders entered 14 May and 17 July 1999 by Judge W. Erwin Spainhour in Superior Court, Cabarrus County. An opinion by a divided panel of this Court was filed on 4 September 2001. Defendant appealed as a matter of right to the Supreme Court of North Carolina. Our Supreme Court reversed for the reasons stated in the dissenting opinion and remanded to the Court of Appeals for consideration of plaintiff's remaining issues, in a decision filed 2 May 2003.

*Julie H. Fosbinder; and Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by John W. Gresham, for plaintiff-appellant.*

*Robinson, Bradshaw & Hinson, P.A., by Richard A. Vinroot and Frank H. Lancaster, for defendant-appellee.*

McGEE, Judge.

Following our Court's decision to award plaintiff a new trial on his employment discrimination claim in *Brewer v. Cabarrus Plastics, Inc.*, 146 N.C. App. 82, 551 S.E.2d 902 (2001) (*Brewer II*), defendant appealed as a matter of right to the Supreme Court of North Carolina based upon Judge Walker's dissent. *See* N.C. Gen. Stat. § 7A-30(2) (2001). The Supreme Court adopted Judge Walker's dissenting opinion *per curiam* in reversing this Court's decision. In adopting Judge Walker's dissent, the Supreme Court found that the jury instructions, when taken as a whole, presented to the jury the appropriate standards of liability in a pretext case. *Id.* at 89, 551 S.E.2d at 907. The Supreme Court remanded the case to our Court for consideration of plaintiff's remaining issues not addressed in our prior opinion. A complete statement of the facts in this case is set forth in our earliest opinion in this matter in *Brewer v. Cabarrus Plastics, Inc.*, 130 N.C. App. 681, 504 S.E.2d 580 (1998), *disc. review denied*, 350 N.C. 91, 527 S.E.2d 662 (1999) (*Brewer I*).

I.

[1] Plaintiff argues the trial court in his second trial erred in not admitting the transcript of the testimony of a witness from the first trial of this matter. Plaintiff contends that the efforts of plaintiff's counsel to procure the testimony of the witness fully satisfied the "unavailability" requirement of N.C. Gen. Stat. § 8C-1, Rule 804.

"Admission of evidence is 'addressed to the sound discretion of the trial court and may be disturbed on appeal only where an abuse of such discretion is clearly shown.'" *Lane v. R.N. Rouse & Co.*, 135 N.C. App. 494, 498, 521 S.E.2d 137, 140 (1999) (quoting *Sloan v. Miller Building Corp.*, 128 N.C. App. 37, 45, 493 S.E.2d 460, 465 (1997)), *disc. review denied*, 351 N.C. 357, 542 S.E.2d 212 (2000). Under an abuse of discretion standard, we defer to the trial court's discretion and will reverse its decision "only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

N.C. Gen. Stat. § 8C-1, Rule 804(b)(1) (2001) states that former testimony may be admitted into evidence as an exception to the hearsay rule if the witness is unavailable and the

> [t]estimony [was] given as a witness at another hearing of the same or different proceeding . . . if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or re-direct examination.

" 'Unavailability as a witness' includes situations in which the declarant . . . [i]s absent from the hearing and the proponent of his statement has been unable to procure his attendance . . . by process or other reasonable means." N.C. Gen. Stat. § 8C-1, Rule 804(a)(5) (2001). The proponent of the evidence bears the burden of establishing the unavailability of the witness. *State v. Artis*, 325 N.C. 278, 304, 384 S.E.2d 470, 484 (1989), *sentence vacated and remanded on other grounds, Artis v. North Carolina*, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990).

The trial court in the case before us specifically found that plaintiff presented no evidence of the unavailability of the witness "other than the statements of counsel and the unverified motion for permission to use the transcript of [the witness's] prior testimony." Plaintiff stated in his unverified Rule 804(a)(5) motion that the witness had been contacted and stated that she would be unable to testify at trial. However, the motion did not prove the matters alleged therein and did not constitute evidence of the unavailability of the witness. *See Chow v. Crowell*, 15 N.C. App. 733, 736, 190 S.E.2d 647, 649 (1972). Plaintiff attached to the motion the letters written to contact the witness and the letters demonstrate efforts to contact the witness, but do not prove the unavailability of the witness. The record shows that plaintiff's counsel also stated to the trial court that the

witness had been contacted and was unavailable to testify. However, plaintiff's counsel presented no evidence to the trial court of the unavailability of the witness. Additionally, in his brief, plaintiff fails to point this Court to any evidence showing that the witness was unavailable and has failed to meet his burden of proving the unavailability of the witness.

The record contains a signed affidavit of plaintiff's counsel dated 21 May 1999 stating that defense counsel had been informed prior to trial that if the witness was unwilling to appear in person to testify, plaintiff would seek to use the witness's prior trial testimony. However, plaintiff's Rule 804(a)(5) motion was dated 10 May 1999 and the trial court denied the motion in an order entered 14 May 1999. Since the record shows that the affidavit of plaintiff's counsel was not filed until 21 May 1999, it was not before the trial court for consideration at the time the trial court denied the Rule 804(a)(5) motion.

After reviewing the record, we agree with the trial court that plaintiff failed to offer evidence establishing the unavailability of the witness. Accordingly, the trial court did not abuse its discretion in denying the admission of former trial testimony of a witness. This assignment of error is overruled.

## II.

[2] Plaintiff argues the trial court erred in refusing to allow the jury to consider the issue of whether defendant discriminated against plaintiff by disciplining him. Plaintiff contends that there was ample evidence from which a reasonable jury could conclude that plaintiff's discipline was discriminatory.

The trial court "must submit to the jury such issues as when answered by them will resolve all material controversies between the parties, as raised by the pleadings." *Harrison v. McLear*, 49 N.C. App. 121, 123, 270 S.E.2d 577, 578 (1980). In the present case, the trial court submitted to the jury plaintiff's employment termination discrimination claim. However, the resolution of this claim by the jury did not resolve plaintiff's alleged discriminatory discipline claim. The jury found that plaintiff's employment termination was not the result of racial discrimination but the issue of discriminatory discipline was never submitted to the jury. Thus, the trial court's submission to the jury of only the termination claim did not resolve all of the claims in the case.

BREWER v. CABARRUS PLASTICS, INC.

[160 N.C. App. 688 (2003)]

An examination of the trial transcript shows that the trial court did not submit the issue of discriminatory discipline to the jury because it felt there was no evidence presented of actual damages suffered by plaintiff. The United States Supreme Court has determined that the denial of a constitutional right "should be actionable for nominal damages without proof of actual injury." *Carey v. Piphus*, 435 U.S. 247, 266-67, 55 L. Ed. 2d 252, 267 (1978) (holding that if civil rights plaintiffs failed to prove actual damages, they would only be entitled to recover nominal damages in the amount of one dollar). The Fourth Circuit Court of Appeals has stated that a claimant is entitled to an award of nominal damages when a claimant establishes the violation of a constitutional right but cannot prove actual injury. *Norwood v. Bain*, 166 F.3d 243, 245 (4th Cir.) (en banc), *cert. denied*, 527 U.S. 1005, 144 L. Ed. 2d 239 (1999); *Price v. City of Charlotte, North Carolina*, 93 F.3d 1241, 1257 (4th Cir. 1996), *cert. denied*, 520 U.S. 1116, 137 L. Ed. 2d 328 (1997) (police officers awarded one dollar in nominal damages for unconstitutional promotion practices where there was insufficient evidence of actual damages). In order to recover more than nominal damages, actual injury must be proven by sufficient evidence. *Price*, 93 F.3d at 1250.

In the present case, plaintiff has presented sufficient evidence to permit a jury to determine whether defendant disciplined plaintiff for discriminatory reasons. While plaintiff may not have presented sufficient evidence to obtain an award of compensatory damages, plaintiff was entitled to recover nominal damages upon a finding by the jury that defendant discriminated against plaintiff in its disciplinary actions. Accordingly, the trial court erred in failing to submit to the jury plaintiff's claim of discriminatory discipline and he is entitled to a new trial on that issue.

No error in part; new trial in part as to claim for discriminatory discipline.

Judges WYNN and MARTIN concur.