FARMERS BANK AND TRUST COMPANY v. W. M. MURPHY
AND W. H. MALPASS.

(Filed 15 April, 1925.)

1. Actions — Claim and Delivery — Possession — Title — Principal and Agent—Parties—Statutes.

Where one has intervened (C. S., 829) in an action, and is allowed to plead that the property attached in the action was his own, and in his possession at the time of the levy under the attachment, and there was evidence thereafter introduced, by affidavit and otherwise, that the possession and ownership was claimed by the intervener, as agent of another who had purchased for value from the defendant in the original action: *Held*, on motion to make such third person a party, the refusal of the motion is not a matter of discretion with the trial court, but should have been granted to have all the parties at interest before the court and determine the matters involved in one and the same action. C. S., 460.

2. Same—Merchandise in Bulk—Sales—Instructions—Appeal and Error.

The failure to comply with the provisions of C. S., 1013, in attempting to make a sale of merchandise in bulk, makes the sale void as to existing creditors, etc., of the vendor, and not as to subsequent creditors after the merchandise has been taken over by the purchaser through his agent and the business has been thus continued; and an instruction is reversible error upon evidence of this character that failure to comply with C. S., 3288, rendered the transaction void, and C. S., 3291, making such failure a misdemeanor, does not affect the result.

APPEAL by defendants from judgment rendered by *Grady, J.,* at October Term, 1924, of PENDER.

On 15 September, 1921, defendant W. M. Murphy executed notes, aggregating $5,125, payable to the order of O. B. Malpass. These have been transferred to and are now owned by plaintiff. Subject to a credit of $1,000, they are now due. This action was begun on 21 February, 1922, to recover of said defendant the balance due on these notes. By virtue of a warrant of attachment, issued in this action, the sheriff of Pender County levied upon and seized a certain stock of merchandise and certain seed potatoes, fertilizer and crates, located in a store building in Rocky Point, as the property of W. M. Murphy.. Defendant thereupon filed an affidavit, in which he set forth that said seed potatoes, fertilizer and crates seized by the sheriff were the property of Samuel Snell, a commission merchant and produce broker of Philadelphia, and were, at time of seizure, in his possession as agent of said Samuel Snell. Said potatoes, fertilizer and crates were thereupon, pursuant to an order of court, released from the levy of the sheriff upon the filing of the bond required.

W. H. Malpass filed an affidavit in this action, setting forth that he is the owner of the stock of merchandise seized by the sheriff, having

purchased same from W. M. Murphy on 1 August, 1921. Upon his motion, he was allowed to intervene in the action and was made a party defendant. Said stock of merchandise was thereupon, pursuant to an order of court, released from the levy of the sheriff upon the filing of the bond required.

Upon the trial of the action the issues submitted to the jury, with answers thereto, were as follows:

"1. Is W. H. Malpass the owner of the stock of merchandise referred to in the warrant of attachment? Answer: 'No.'

"2. What was the value of said stock of goods on the date of the attachment? Answer: '$1,800.'

"3. What was the value of the seed potatoes, fertilizer and strawberry crates seized by the sheriff at the time of the seizure? Answer: '$1,029.94.' "

From the judgment rendered on this verdict defendants appealed to the Supreme Court, assigning errors based upon exceptions duly noted.

*Gavin & Boney, George R. Ward, and C. E. McCullen for plaintiff.*
*Bland & Bland for W. M. Murphy.*
*Weeks & Cox for W. H. Malpass.*

CONNOR, J. There was evidence that the seed potatoes, fertilizer and strawberry crates seized by the sheriff under the warrant of attachment as the property of W. M. Murphy were the property of Samuel Snell, of Philadelphia, and were in the possession of Murphy at the time of the seizure as agent of Snell. Upon the ruling of his Honor that certain evidence offered by Murphy was not competent because Samuel Snell had not intervened and was not a party to this action, defendant Murphy moved that said Samuel Snell be allowed to intervene as a party defendant. The deposition of Samuel Snell had been taken and had been introduced in evidence by defendant Murphy. Motion denied. Defendant excepted. Attorney for defendant Murphy, who was also attorney for Samuel Snell, then moved that the pleadings be amended to show that Snell, by his agent, Murphy, intervenes. Motion denied. Defendant excepted.

Defendant Murphy assigns as error the refusal by his Honor of these motions. This assignment of error must be sustained upon the authority of *Temple v. Hay Company,* 184 N. C., 239. The motion was not addressed to the discretion of the court; it was made as a matter of law, upon the facts which the evidence tended to show. Its refusal is reversible error. *Hoke, J.,* in the opinion for the Court in *Temple v. Hay Company,* says: "In various and well-considered decisions of this Court on the subject, it is recognized as the policy and expressed pur-

pose of our present system of procedure that all matters in a given controversy should, as far as possible, be settled in one and the same action." *Guthrie v. Durham*, 168 N. C., 573; C. S., 460. If the facts be as the deposition of Samuel Snell and the testimony of W. M. Murphy tend to show, defendant W. M. Murphy held the property levied upon, and sought to be subjected to the payment of plaintiff's debt, as agent of Snell. Snell was a necessary party for a final and complete determination of the ownership of the property. The property attached was claimed by Snell, as appears from his deposition. He had the right to intervene or interplead. C. S., 829. Murphy, in whose possession the property was levied upon by the sheriff, denied that he owned the property, and testified that he held it as agent of Snell. The motion should have been allowed, and the issue thus raised determined by the jury.

There was evidence tending to show that defendant, W. H. Malpass, purchased the stock of merchandise from W. M. Murphy on 1 August, 1921. There is no evidence that C. S., 1013, known as "The Bulk Sales Act" was complied with, nor is there any evidence that on said date W. M. Murphy had any creditors. The notes upon which this action is brought were executed on 15 September, 1921. His Honor instructed the jury that failure to comply with C. S., 1013, in the sale of the stock of merchandise by Murphy to Malpass, rendered the sale void, that no title to same passed from Murphy to Malpass and that if they believed all the evidence in this case, they could not find that Malpass was the owner of the stock of merchandise at the date of the seizure by the sheriff. Defendants excepted to and assign this instruction as error. This assignment of error must be sustained. C. S., 1013, has no application to this case. Failure to comply with its provisions renders the sale void only as against creditors of the seller. The provision for notice to creditors, at least seven days before a contemplated sale, as one of the requirements for its validity, shows clearly that the statute applied only to existing creditors of the seller. It cannot be construed as applying to a subsequent creditor, certainly where there are no creditors at time of sale.

There was evidence tending to show that prior to the sale on 1 August, 1921, W. H. Malpass had been adjudged a bankrupt, and that he was not discharged from bankruptcy until after the sale. There is also evidence that after the sale Malpass continued to carry on the business under the name of W. M. Murphy, buying goods, and depositing money in the bank in the name of W. M. Murphy. He signed checks on deposits, "W. M. Murphy by W. H. Malpass." There was no evidence that W. H. Malpass filed in the office of the clerk of the Superior Court of Pender County the certificate as required by C. S., 3288, or otherwise complied

with the provisions of said statute. His Honor instructed the jury that failure by W. H. Malpass to comply with C. S., 3288, rendered the transaction between him and Murphy void as to creditors of the parties. Defendants excepted to and assign this instruction as error. This statute manifestly is for the protection of creditors of persons who fail to comply with its provisions, or of others who do business with them. The consequences of a violation of the statute are prescribed by C. S., 3291. They seem to be limited to punishment as a misdemeanor for it is expressly provided that failure to comply with C. S., 3288 shall not prevent a recovery in a civil action by the person who shall violate the statute. This assignment of error must be sustained.

For errors assigned by appellants and sustained by this Court, there must be a new trial. If the motion to make Samuel Snell a party is renewed, it should be allowed so that an issue as to whether he is the owner of the seed potatoes, fertilizer and crates seized by the sheriff may be determined by a jury. The burden of this issue, will, of course, be upon him as an interpleader. There must be a

New trial.