JOHN P. REDDINGTON v. V. W. THOMAS

No. 793SC492

(Filed 19 February 1980)

**1. Partnership § 1.2— existence of partnership—jury question**

Evidence was sufficient to submit to the jury an issue as to the existence of a partnership where it tended to show that plaintiff, defendant and two other people entered into discussion which resulted in the purchase of three apartment complexes in the name of their partnership; state and federal income tax returns were filed in their name as a business partnership; and a bank account was established and used in the name of the partnership.

**2. Partnership § 1.2— existence of partnership—making of profit not required**

There was no merit to defendant's contention that, because he and his associates never achieved a "profit" in their business dealings, there could be no partnership, since the word "profit" as used in G.S. 59-36(a) relates to the purpose of a business, not to whether the business actually produced a net gain.

**3. Partnership § 3— partner's taking of property in own name—breach of duty—sufficiency of evidence**

In an action to recover for defendant's breach of duty which he owed a partnership when he purchased apartments for his own interest, evidence was sufficient to be submitted to the jury where it tended to show that the partners discussed the purchase of the apartments by the partnership; defendant wrote two clarifying letters to the seller of the apartments stating that the partnership wished to acquire the property and referring to "my group" and "us"; and defendant took title to the property in the name of himself, his wife, his son-in-law and his daughter rather than in the name of the partnership.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 29 September 1978 in Superior Court, PITT County. Heard in the Court of Appeals 8 January 1980.

This civil action was brought to recover damages for breach of contractual obligations and fiduciary duty to a partnership. The essential allegations in the complaint are as follows: On 30 September 1974 plaintiff and defendant entered into a partnership agreement to purchase properties in Greenville, North Carolina, the name of the partnership being Thomas and Associates. In furtherance of that agreement, plaintiff and defendant purchased Country Club and Greenway Apartments, and leased Cherry Court Apartments, with an option to purchase. On 13 June 1975, defendant made an offer on behalf of Thomas and Associates to purchase Eastbrook Apartments and ten acres of

land. On 2 July 1975, defendant further clarified the offer on behalf of Thomas and Associates. The offer of 2 July 1975 was accepted by the owners of Eastbrook, but defendant and another party purchased Eastbrook, taking title to the property in themselves as individuals and not in the name of Thomas and Associates. By defendant's self-dealing, plaintiff was deprived of one-fourth of the ownership of Eastbrook, and due to defendant's breach of his duty to the partnership, plaintiff was damaged in the amount of $200,000.

Plaintiff amended his complaint to allege that, as an express term and condition of the partnership it was agreed that defendant would be the managing partner and was authorized on behalf of the partnership to enter into negotiations for the purchase of rental properties. Defendant answered, denying all of the operative allegations of the complaint.

At the close of plaintiff's evidence and at the close of all the evidence, defendant moved for a directed verdict. Both motions were denied. The issues submitted to the jury and their answers were as follows:

1. Was there a partnership under the name of Thomas & Associates of which the plaintiff and defendant were two of the partners?

ANSWER: Yes

2. Did the defendant negotiate for the purchase of Eastbrook Apartments on behalf of the partnership?

ANSWER: Yes

3. If so, did he breach a duty to the plaintiff by purchasing Eastbrook Apartments in a manner other than on behalf of the partnership?

ANSWER: Yes

4. What amount of damages, if any, is the plaintiff entitled to recover of the defendant?

ANSWER: $51,928

*Pegram, Hahn & Roberts, by Garry T. Pegram, and William-son, Herrin & Stokes, by Mickey A. Herrin, for plaintiff appellee.*

*Mattox & Davis, P.A., by Fred T. Mattox and Gary B. Davis, for defendant appellant.*

WELLS, Judge.

The main question presented in this appeal is whether plaintiff presented sufficient evidence to withstand defendant's motion for a directed verdict on the issues relating to the existence of a partnership between plaintiff and defendant and the defendant's breach of any duty which he owed the partnership when he purchased the Eastbrook Apartment property for his own interest. Since the parties never executed a written partnership agreement, the relationship between them must be determined on the basis of the manner in which they conducted their business.

[1] Under the North Carolina Uniform Partnership Act, a partnership is, by definition, a business. G.S. 59-36(a) states, "A partnership is an association of two or more persons to carry on as co-owners a business for profit." G.S. 59-37 provides in pertinent part:

> In determining whether a partnership exists, these rules shall apply:
>
> *     *     *
>
> (3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.
>
> (4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:
>
>  a. As a debt by installments or otherwise,
>
>  b. As wages of an employee or rent to a landlord,
>
>  c. As an annuity to a widow or representative of a deceased partner,

    d. As interest on a loan, though the amount of payment vary with the profits of the business,

    e. As the consideration for the sale of a goodwill of a business or other property by installments or otherwise.

Plaintiff's evidence clearly shows that beginning on or about 30 September 1974, plaintiff, defendant, E. C. Powell, and C. H. Powell (The Four) entered into discussions which led to their acquisition of Country Club Apartments. Subsequently, The Four negotiated the acquisition of two other apartment properties, the last of these being Cherry Court, acquired in February 1975. State and Federal income tax returns were filed in the name of Thomas and Associates as a business partnership. A bank account was established and used in the name of Thomas and Associates. Thus, plaintiff introduced an abundance of evidence which tended to show that The Four were engaged together in business transactions.

[2] While The Four received income from the properties acquired by them, the group's financial records and tax returns showed a net loss. Defendant argues that since the group never achieved a "profit" there could be no partnership. We do not believe this argument can prevail. The word "profit", as it is used in the Act relates to the purpose of the business, not to whether the business actually produced a net gain. In *Williams v. Biscuitville, Inc.*, 40 N.C. App. 405, 253 S.E. 2d 18 (1979), *disc. rev. denied*, 297 N.C. 457, 256 S.E. 2d 810 (1979), the plaintiff restaurant manager was paid a salary of $270 per week plus seventy percent of gross sales from which he paid the employee's wages and food purchases. We held:

> A partnership agreement may be inferred without a written or oral contract if the conduct of the parties toward each other is such that an inference is justified. *Eggleston v. Eggleston*, 228 N.C. 668, 47 S.E. 2d 243 (1948). The plaintiff in this case may be said to have received a share of the profits in the form of keeping whatever part of the seventy percent of gross receipts that he was able to retain. This is "prima facie evidence that he is a partner in the business" unless he received this share of the profits as "wages of an employee."

We conclude that all the evidence shows he did receive this compensation as "wages of an employee."

40 N.C. App. at 407, 253 S.E. 2d at 19. The case at bar involved no payment of wages.

The filing of a partnership tax return is significant evidence of the existence of a partnership. *Eggleston v. Eggleston*, 228 N.C. 668, 47 S.E. 2d 243 (1948). Under the State and Federal income tax laws, a business partnership return may only be filed on behalf of an enterprise entered into to carry on a business. G.S. 105-154; 26 U.S.C. § 761. There is evidence in the case before us that the tax returns for Thomas and Associates were prepared by defendant. Thus, it appears that defendant demonstrated an intent to enter into an association to carry on a business, and that his preparation of the returns for a partnership, in which he was a party, constitutes a significant admission against his present interest in denying the existence of such a partnership. *Eggleston v. Eggleston, supra.*

While defendant testified that he never intended to enter into a partnership relationship with plaintiff, that he refused to sign a written partnership agreement tendered by plaintiff, and that he indicated to plaintiff he did not want a partnership, we believe the evidence in this case comfortably brings it within the following rules set out in *Eggleston*:

"Partnership is a legal concept but the determination of the existence or not of a partnership, as in the case of a trust, involves inferences drawn from an analysis of 'all the circumstances attendant on its creation and operation' [citations omitted]."

Not only may a partnership be formed orally, but "it may be created by the agreement or conduct of the parties, either express or implied" [citation omitted] . . . . "A voluntary association of partners may be shown without proving an express agreement to form a partnership; and a finding of its existence may be based upon a rational consideration of the acts and declarations of the parties, warranting the inference that the parties understood that they were partners and acted as such." [Citation omitted.]

228 N.C. at 674, 47 S.E. 2d at 247. We therefore hold that there was sufficient evidence to submit the issue of the existence of the partnership to the jury.

[3]   The next question concerns the sufficiency of plaintiff's evidence that defendant breached his duty to the partnership. The duty of a partner is defined by G.S. 59-51(a): "Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct or liquidation of the partnership or from any use by him of its property."

The evidence shows that on 13 June 1975, defendant wrote a letter to Drucker and Falk as agent for the owners of the Eastbrook Properties. The letter stated:

In reference to our many conversations regarding the acquisition of the Eastbrook Apartment Project, Greenville, N.C. by the *Thomas and Associates,* I would like to make the following Offer To Purchase under the following conditions . . . .

David, a great deal of planning has gone into this project with detailed and comprehensive studies and analysis made. It is my considered opinion that the Offer contained in this letter would be the only Offer feasible *for my group* [Emphases added.]

Another clarifying letter was written by defendant to Drucker and Falk on 2 July 1975, and commented:

The above Offer to Purchase is contingent on the acquisition by *us* of the shopping center land adjoining the apartment complex as outlined below.

*   *   *

B. Land to be deeded to *us,* subject to the present option.

C. A non-interest bearing note from *us* for $150,000 until September 14, 1975. [Emphases added.]

*   *   *

Plaintiff testified to conversations between The Four and Falk leading to the offer of 13 June and clarification letter of 2 July 1975. He stated that the letter of 2 July contained "in detail what I understood to be Thomas and Associates' offer . . . for the purchase of the Eastbrook Apartment complex." E. C. Powell testified to the same effect. Both plaintiff and Powell testified that none of The Four authorized defendant to purchase Eastbrook for anyone other than Thomas and Associates.

Defendant, called as an adverse witness, testified that he purchased the Eastbrook properties in 1975 and that title to the property was taken in the name of himself, his wife, his son-in-law and his daughter. Defendant later testified on his own behalf that plaintiff knew six or seven months before Eastbrook was purchased that defendant and his son-in-law were going to take title to the property. Whatever the meaning of that testimony may be, it appears to be altogether inconsistent with the representation set forth in the letters of 13 June and 2 July 1975. Defendant attempted to explain this inconsistency by testifying that he had operated other enterprises under the name of Thomas and Associates. However, there was no evidence that his son-in-law had any connection with Thomas and Associates before the actual acquisition of the Eastbrook properties. Thus, the evidence is convincing that defendant made the offer to purchase on behalf of the partnership.

In *Casey v. Grantham*, 239 N.C. 121, 124, 79 S.E. 2d 735, 738 (1954) Justice (later Chief Justice) Parker said, "It is elementary that the relationship of partners is fiduciary and imposes on them the obligation of utmost good faith in their dealings with one another in respect to partnership affairs."

When one partner wrongfully takes partnership funds and uses them to buy or improve property, his co-partners may obtain redress in one of these alternative ways:

1. They may compel him to account to the partnership for the funds, and enforce the resulting claim as an equitable lien on the property. [Citations omitted.]

2. They may charge the property with a constructive trust in favor of the partnership to the extent of the partnership funds used in its purchase or improvement. G.S. 57-51; [citations omitted].

*McGurk v. Moore*, 234 N.C. 248, 252, 67 S.E. 2d 53, 55 (1951). Our examination of cases from other jurisdictions indicates that the weight of authority is to the effect that a partner may not, in cases such as the one *sub judice*, engage in self-dealing for his own benefit and to the exclusion of his partners. *See, e.g., Terry v. Simmons*, 261 Or. 626, 496 P. 2d 11 (1972); *Mining Co. v. Exploration Co.*, 282 F. 2d 787 (10th Cir. 1960); *Stark v. Reingold*, 18 N.J. 251, 113 A. 2d 679 (1955); *Sadugor v. Holstein*, 199 C.A. 2d 477, 18 Cal. Rptr. 859 (1962); *O'Bryan v. Bickett*, 419 S.W. 2d 726 (Ky. App. 1967). Accordingly, we hold that there was sufficient evidence for the trial court to have submitted issues two and three to the jury.

We have examined the errors defendant assigns to the trial court's charge to the jury, as well as defendant's other assignments of error, and have found them not to be substantiated by the record.

Affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.