PHILIP R. STURM v. JOHN GOSS

No. 8721SC948

(Filed 31 May 1988)

1. Partnership § 6— misappropriation of partnership business opportunity alleged—improper party sued

Where plaintiff alleged that defendant misappropriated a partnership business opportunity in violation of their partnership agreement and plaintiff sought an accounting of profits allegedly earned by defendant from that business opportunity, the trial court properly entered summary judgment for defendant where the uncontroverted evidence presented by defendant established that the business in question was acquired by a company called Total Marketing, a partnership of corporations in which defendant's wholly-owned corporation was a partner; defendant was never individually a partner in Total Marketing; defendant had no authority in his individual capacity to render the requested accounting of Total Marketing's profits; and the demand instead should have been directed to defendant's corporation or to defendant in his capacity as agent for the corporation.

2. Partnership § 1.1— misappropriation of partnership business opportunity alleged—no partnership between parties

The trial court properly granted summary judgment for defendant in plaintiff's action to recover damages for an alleged misappropriation of a partnership business opportunity where the undisputed evidence revealed that there was no partnership between plaintiff and defendant in that, after a stated time, defendant did not receive a direct share of the profits of the partnership, though defendant's wholly-owned corporation did share in the profits; plaintiff executed tax returns for the business which named only himself and various corporations as co-owners and which were prepared by accountants from information supplied by plaintiff; there was an oral agreement to substitute the corporations for their individual owners as partners; and plaintiff could not recognize and benefit from the organization of a partnership of corporations for tax purposes but disregard that structure for other purposes.

3. Partnership § 9— dissolution upon expressed will of any partner—judicial decree of dissolution superfluous

A judicial decree of dissolution of a partnership would have been superfluous where the partnership in question was without any definite term or undertaking to be accomplished and therefore could be dissolved by the express will of any partner without violating the partnership agreement; dissolution occurred automatically by operation of law upon any partner's unequivocal expression of an intent and desire to dissolve the partnership; the filing of this lawsuit constituted such an unequivocal expression; and the partnership was automatically dissolved on the date the suit was instituted, assuming the will to dissolve was not expressed by any partner earlier. N.C.G.S. § 59-61(1)(b) and (2).

APPEAL by plaintiff from *W. Douglas Albright, Judge.* Judgment entered 1 June 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 3 February 1988.

*Robert D. Hinshaw for plaintiff-appellant.*

*Allman, Spry, Humphreys, Leggett, and Howington, P.A. by William D. Spry, Jr. for defendant-appellee.*

BECTON, Judge.

This civil action for damages, instituted by plaintiff, Philip R. Strum, against defendant, John Goss, is based upon claims of fraud, unfair competition, and breach of contractual and fiduciary obligations to a partnership by the misappropriation of a partnership business opportunity.

I

The essential allegations of the Complaint are as follows: Strum, Goss, and Edward F. Schiff formed a partnership under the name Marketing Resource Group (MRG) to provide marketing and consulting services to various businesses. The partnership agreement provided that the three partners would share equally in the business's profits and losses and that any business or profits from a partnership client were the property of the partnership.

Pursuant to the agreement, the partners provided extensive marketing and consulting services to Jeno's, Inc., a frozen food company, for approximately two years. Sometime in late 1985, the partners learned that Pillsbury, another food company, was purchasing Jeno's. Knowing that additional business could be obtained, Goss, nevertheless, repeatedly told Sturm that, based on information Goss received from a friend who was a Jeno's employee, no new business would be obtained by MRG from Pillsbury or the Jeno's division of Pillsbury once the takeover was completed. While continuing to participate in MRG, Goss became associated with another company, Total Marketing, and secretly began providing marketing services to Pillsbury and its Jeno's division for his own personal gain and without accounting to Sturm for any of the profits of that business activity. When Sturm learned that Goss had acquired the additional Jeno's business, he immediately asserted that it was property of the

partnership and demanded an accounting of past and future profits, but Goss refused to render an accounting.

Based on these allegations, Sturm prayed for a judgment dissolving the partnership and requiring Goss to account for and pay over to Sturm one-third of the net profits from any past or future business transactions with clients of MRG.

Goss answered the Complaint, denying many of the material allegations and asserting, among numerous other defenses, that he was not individually a partner in the MRG partnership and that any business with Pillsbury or Jeno's was not conducted by him in his individual capacity but through his wholly owned corporation, Oakcrest, Inc. (Oakcrest). Thereafter, Goss moved for summary judgment and the motion was granted. From that judgment, plaintiff Sturm appeals. We affirm.

## II

## A

At the hearing on his motion for summary judgment, Goss presented affidavits, depositions of both parties, and exhibits, by which he sought to establish that Sturm had sued the wrong party by instituting this action against Goss instead of Goss's corporation, Oakcrest. Goss's evidence showed, in pertinent part, that Sturm and Goss formed the original MRG partnership pursuant to a written agreement executed on 18 September 1983. Subsequently, Edward Schiff was made a partner by oral agreement. In early 1985, the partners discussed restructuring MRG by removing Goss and Schiff as individual partners and by adding as partners certain corporate entities owned by each of the three men. To this end, several drafts of an "Amended and Restated Partnership Agreement" were prepared, but none of them were ever signed by Sturm or Goss. However, the company began, on 1 May 1985, to make all partnership distributions to the partners and in the proportions designated in one of the drafts, namely: 1% to Philip Sturm; 32 1/3% to Winston-Salem Productions, Inc. (a corporation owned by Sturm); 33 1/3% to Oakcrest, Inc. (a corporation owned by Goss); and 15% and 18 1/3% respectively to Twining Lane Investments, Inc. and Potomac Marketing Services, Inc. (corporations owned by Schiff or his nominees). No partnership distributions were made to Goss individually after that date.

In addition, the affidavit of Danny Newcomb, an accountant for MRG, stated that Newcomb was present at a meeting shortly before 1 May 1985 at which Sturm, Goss, and Schiff agreed that MRG would be operated as a partnership of these corporations with Sturm retaining a 1% personal interest. Accordingly, the federal and state partnership tax returns filed for MRG for the period 1 May 1985 through 31 December 1985, and signed by Sturm, listed the corporations and Sturm as the owners of the partnership.

In January 1986, Goss approached Sturm about expanding the business of MRG. When Sturm declined, Goss considered the partnership terminated. The same month, Goss's corporation, Oakcrest, became a partner in a firm called Total Marketing which was a partnership of corporations. After 10 March 1986 and following the completion of Pillsbury's acquisition of Jeno's Total Marketing began marketing several food brands owned by Pillsbury, including some brands for which MRG had previously provided marketing services.

B

Summary judgment is proper whenever the materials before the court show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. N.C. Gen. Stat. Sec. 1A-1, Rule 56 (1983); *Kent v. Humphries*, 303 N.C. 675, 281 S.E. 2d 43 (1981). A defending party is entitled to summary judgment if he can establish that no claim for relief exists or that the claimant cannot overcome an affirmative defense or legal bar to the claim. *Rolling Fashion Mart, Inc. v. Mainor*, 80 N.C. App. 213, 341 S.E. 2d 61 (1986). Having carefully examined the affidavits, depositions, and exhibits which were presented to the trial court, we conclude, for the reasons that follow, that defendant Goss has conclusively established a legal bar to Sturm's claims.

[1] First, Sturm seeks an accounting of profits allegedly earned by Goss from business transactions with Pillsbury and its Jeno's division. However, uncontroverted evidence presented by Goss establishes that this marketing business, which Sturm claims was a partnership opportunity of MRG, was acquired by a company called Total Marketing, a partnership of corporations in which Oakcrest is a partner. The evidence also shows that Goss has

never individually been a partner in Total Marketing. Under these circumstances, Goss has no authority in his individual capacity to render the requested accounting of Total Marketing's profits. Instead, the demand should have been directed to Oakcrest or to Goss in his capacity as agent for Oakcrest.

[2]   Second, Sturm's claims presuppose the existence of a partnership, and, thus, a fiduciary relationship, between the parties as individuals. However, the North Carolina Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." N.C. Gen. Stat. Sec. 59-36(a) (1982). Co-ownership and sharing of any actual profits are indispensable requisites for a partnership *See, e.g., McGurk v. Moore,* 234 N.C. 248, 67 S.E. 2d 53 (1951); *Zickgraf Hardwood Co. v. Seay,* 60 N.C. App. 128, 298 S.E. 2d 208 (1982).

The undisputed evidence forecast by Goss clearly shows that, after 1 May 1985, although MRG operated at a substantial profit, Goss did not receive a direct share of the profits but that Oakcrest on the other hand, did share in the profits. This fact alone constitutes *prima facie* evidence that Oakcrest, not Goss, was a partner in MRG. *See* N.C. Gen. Stat. Sec. 59-37(4) (1982); *Davis v. Davis,* 58 N.C. App. 25, 293 S.E. 2d 268, *disc. rev. denied,* 307 N.C. 127, 297 S.E. 2d 399 (1982). Furthermore, "[t]he filing of a partnership tax return is significant evidence of a partnership." *Davis* at 31, 293 S.E. 2d at 272, *quoting Reddington v. Thomas,* 45 N.C. App. 236, 240, 262 S.E. 2d 841, 843 (1980). There is uncontroverted evidence in this case that Sturm executed tax returns for the business which named only himself and the various corporations as co-owners and which were prepared by accountants from information supplied by Sturm. This constitutes a significant admission by Sturm against his present interest in denying that MRG was a partnership of corporations. *See Davis* at 31, 293 S.E. 2d at 272; *Reddington* at 240, 262 S.E. 2d at 843. In our opinion, these factors, coupled with the evidence of an oral agreement to substitute the corporations for their individual owners as partners, establishes as a matter of law that Goss was not individually a partner in the business after 1 May 1985. Consequently, any contractual or fiduciary duties to MRG or to Sturm after that time were duties of the corporate partner, Oakcrest, and any claim Sturm may have for breach of those duties must be against

Oakcrest or against Goss in his capacity as agent for his corporation.

In reaching this conclusion, we reject Sturm's contention that materials offered by him in opposition to the summary judgment motion create a genuine issue regarding the identity of the partners in MRG. A "genuine issue" is one which can be maintained by substantial evidence. *E.g., Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982). Documentary evidence presented by Sturm to show a partnership relationship between himself and Goss as individuals includes a bank account signature card, a report sent from Dun and Bradstreet to Sturm for verification, a tax withholding application form, and correspondence from the Employment Security Commission, all of which are dated later than 1 May 1985. Of these documents, only the bank account authorization is signed by Goss, and that document lists only Sturm and Goss as partners in MRG, a state of affairs denied by both parties. Having carefully reviewed all the documentary evidence and the arguments concerning its import, we find it to be so insubstantial as to raise no triable issue of fact.

We have also considered the affidavit and deposition of Sturm in which he stated that, following 1 May 1985, distributions were made to the corporations solely to save taxes and that the parties did not recognize the corporations as the partners. According to Sturm, they continued to operate the business in the same way and utilized the corporations merely "as conduits for [their] money." However, in our view, Sturm may not recognize and benefit from the organization of a partnership of corporations for tax purposes but disregard that structure for other purposes. Moreover, although Sturm argues in a general way that Goss was merely the "alter ego" of Oakcrest and that to require Sturm to sue Oakcrest is to promote form over substance, he has neither alleged in his complaint, nor presented evidence of, facts (such as undercapitalization or non-compliance with corporate formalities) which would entitle him to pierce the corporate veil of Oakcrest and impose liability upon Goss individually. *See Glenn v. Wagner*, 313 N.C. 450, 455, 329 S.E. 2d 326, 330-31 (1985) (explaining requirements for piercing the corporate veil).

For all the foregoing reasons, we conclude that any liability which might exist for the acts alleged in the Complaint belongs to

Goss's corporation, Oakcrest, and that, accordingly, summary judgment for defendant Goss was properly granted.

C

[3] In addition to an accounting of Total Marketing's profits, Sturm has also demanded a judicial dissolution of the MRG partnership. However, all the evidence shows that MRG was a partnership at will, *i.e.*, without any definite term or undertaking to be accomplished, and, as such, could be dissolved by the express will of any partner without violating the partnership agreement. *See* N.C. Gen. Stat. Sec. 59-61(1)(b) (1982). Moreover, dissolution occurs automatically by operation of law upon any partner's unequivocal expression of an intent and desire to dissolve the partnership. N.C. Gen. Stat. Sec. 59-61(1)(b) and (2). *See generally* 59A Am. Jur. 2d *Partnership*, Section 814 (1987). In our view, the filing of this lawsuit constituted such an unequivocal expression, and, assuming the will to dissolve was not expressed by any partner earlier, the partnership was automatically dissolved on that date. Thus, a judicial decree of dissolution would have been superfluous, and the trial court's failure to declare the partnership dissolved was not error.

III

In response to Sturm's appeal, Goss has suggested several other grounds upon which he claims summary judgment in his favor was proper. However, in view of our resolution of the foregoing issues, we deem it unnecessary to address these additional arguments. The judgment of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge SMITH concur.