HENRY LEE WILDER, PLAINTIFF v. JAMES E. HOBSON, JOHN CASTLE, ERNEST O. FAIR, ALBERT R. DAWKINS, WILBERT TORRENCE, SR., EDWARD O. TRACEY, SR., ELISHA L. BOYD, WALTER D. TRACEY, WILLIE J. TABOR, HARVEY DAVIS, A. M. HASAN AND CAL SMITH, JR., INDIVIDUALLY AND DOING BUSINESS AS SAFETY TAXI, DEFENDANTS

No. 9019SC356

(Filed 18 December 1990)

**Partnership § 1.1 (NCI3d)— personal injury—negligence imputed to partnership—failure to show existence of partnership**

In an action to recover for injuries sustained in a collision with a taxi displaying a "Safety Taxi" sign and telephone number, the owners of other taxis doing business as "Safety

Taxi" were not liable for those injuries based on imputed liability pursuant to general agency and partnership law, since the evidence clearly showed that "Safety Taxi" was merely a taxicab telephone dispatch service to which each defendant contributed a small monthly fee in order to receive dispatch services; there was no evidence that defendants shared each other's profits or losses, filed joint tax returns, had authority of any kind over each other, or in any other way behaved as a partnership; and defendants did not hold themselves out as a partnership by signing a certificate of assumed name, displaying the "Safety Taxi" sign on their cars, and sharing a common dispatcher.

**Am Jur 2d, Automobiles and Highway Traffic §§ 995, 1084; Partnership § 648.**

APPEAL by plaintiff from order granting defendants' motions for summary judgment and dismissing plaintiff's complaint entered 19 February 1990 in ROWAN County Superior Court by *Judge William H. Helms*. Heard in the Court of Appeals 24 October 1990.

On 2 July 1987 plaintiff Wilder was injured by a taxicab negligently driven by John Gilmore. John Gilmore's taxicab displayed the name and telephone number of "Safety Taxi." Following the injury, Wilder and Gilmore reached a settlement wherein Gilmore paid Wilder the $25,000 limit of his insurance policy in exchange for a covenant not to sue Gilmore.

Plaintiff then brought this action against defendants, the remaining drivers doing business as "Safety Taxi," based on imputed liability pursuant to general agency and partnership law. In their answers, defendants denied the existence of a partnership or joint venture. On the motions for summary judgment, defendants' forecast of evidence showed that "Safety Taxi" is merely a taxicab referral service to which each driver pays a monthly fee for telephone dispatch service. Each driver individually owns and is solely responsible for expenses relating to his taxi, no drivers share profits or losses, each driver insures his own taxi, each driver maintains his own business records, and no driver has authority or control over another driver.

Defendants jointly and severally moved for summary judgment on the grounds that imputed liability was improper since no partnership or joint venture existed and, had imputed liability existed,

## WILDER v. HOBSON
[101 N.C. App. 199 (1990)]

the covenant not to sue entered into by plaintiff and John Gilmore released defendants. The trial court granted defendants' motions for summary judgment. Plaintiff appeals.

*Carlton, Rhodes & Carlton, by Gary C. Rhodes, for plaintiff-appellant.*

*Hancock and Hundley, by R. Darrell Hancock and Jennifer B. Flynn, for defendants-appellees.*

*Caudle & Spears, P.A., by Lisa M. Crotty and Lloyd C. Caudle, for defendant-appellee Willie J. Tabor.*

*Wyatt Early Harris Wheeler & Hauser, by Kim R. Bauman, for defendant-appellee Harvey Lee Davis.*

WELLS, Judge.

Plaintiff contends that the trial court erred in granting defendants' motions for summary judgment since a genuine issue of material fact exists whether "Safety Taxi" constitutes a partnership or a joint venture. Plaintiff contends that even if defendants are not engaged in a classic partnership, a question of fact exists whether defendants held themselves out to the public to be a partnership by filing a certificate of assumed name pursuant to N.C. Gen. Stat. § 66-68 and displaying the "Safety Taxi" sign and telephone number on their taxis. Defendants contend that summary judgment was proper because their affidavits, indicating defendants individually owned their taxis and did not share profits, negate the existence of a partnership as a matter of law.

Summary judgment shall be rendered forthwith if the materials presented show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (1983); *Land-of-Sky Regional Council v. Co. of Henderson,* 78 N.C. App. 85, 336 S.E.2d 653 (1985). A defending party is entitled to summary judgment if it can establish that no claim for relief exists or that the claimant cannot overcome an affirmative defense or legal bar to the claim. *Rolling Fashion Mart, Inc. v. Mainor,* 80 N.C. App. 213, 341 S.E.2d 61 (1986) (*citing Dickens v. Puryear,* 302 N.C. 437, 276 S.E.2d 325 (1981)). In their affidavits presented to the court, defendants establish that no claim for relief exists in this case and the trial court properly granted defendants' motions for summary judgment.

WILDER v. HOBSON

[101 N.C. App. 199 (1990)]

The North Carolina Uniform Partnership Act defines a partnership as ". . . an association of two or more persons to carry on as co-owners a business for profit." N.C. Gen. Stat. § 59-36(a) (1989); *G.R. Little Agency, Inc. v. Jennings*, 88 N.C. App. 107, 362 S.E.2d 807 (1987) (*quoting Johnson v. Gill*, 235 N.C. 40, 68 S.E.2d 788 (1952)). Existence of a partnership does not require an express agreement and the parties' intent to formulate a partnership can be inferred by the conduct of the parties by examining all the circumstances. *Peed v. Peed*, 72 N.C. App. 549, 325 S.E.2d 275, *cert. denied*, 313 N.C. 604, 330 S.E.2d 612 (1985). "A partnership is a combination of two or more persons of their property, effects, labor, or skill in a common business or venture, under an agreement to share the profits and losses in equal or specified proportions, and constituting each member an agent of the others in matters appertaining to the partnership and within the scope of its business." *Zickgraf Hardwood Co. v. Seay*, 60 N.C. App. 128, 298 S.E.2d 208 (1982) (*citing Johnson v. Gill*, 235 N.C. 40, 68 S.E.2d 788 (1952)). Our appellate courts have clearly held that co-ownership and sharing of any actual profits are indispensable requisites for a partnership. *Sturm v. Goss*, 90 N.C. App. 326, 368 S.E.2d 399 (1988). Although sharing profits does not of itself establish a partnership, the Uniform Partnership Act emphasizes the importance of sharing profits in the existence of a partnership by mandating that the receipt by a person of a share of business profits is *prima facie* evidence that he is a partner. . . . N.C. Gen. Stat. § 59-37(3) and (4) (1989). Filing a partnership tax return is significant evidence of a partnership. *Reddington v. Thomas*, 45 N.C. App. 236, 262 S.E.2d 841 (1980).

We reject plaintiff's contention that materials offered opposing defendants' motions for summary judgment create a genuine issue regarding the existence of a partnership. A genuine issue is one which can be maintained by substantial evidence. *Sturm, supra.* Plaintiff based his claim on the theory that defendants held themselves out as a partnership or joint venture by signing a certificate of assumed name, displaying the "Safety Taxi" sign on their cars and sharing a common dispatcher. Plaintiff offered evidence that the defendants filed a Certificate to Transact Business Under an Assumed Name, required to be filed of all persons, partnerships or corporations doing business under an assumed name pursuant to N.C. Gen. Stat. § 66-68 (1985). Plaintiff offers no authority and we find no authority suggesting that such a certificate manifests intent to form a partnership. Instead, N.C. Gen. Stat. § 66-68 is

**WILDER v. HOBSON**

[101 N.C. App. 199 (1990)]

intended to protect the public and creditors against fraud. *Bank v. Murphy*, 189 N.C. 479, 127 S.E. 527 (1925).

Plaintiff also offered evidence that defendants display on their taxis a sign bearing the name "Safety Taxi" and its telephone number. However, defendants presented evidence negating any implication of co-ownership suggested by the display of "Safety Taxi's" name and telephone number. Defendants offered uncontroverted evidence that defendants individually own their vehicles, pay their own insurance, taxes and repairs. Defendants each manage their own business records. Defendants do not share each other's profits or losses. Defendants filed no joint tax return. Plaintiff presented no evidence that defendants share any profits, income, expenses, joint business property or have authority of any kind over each other. The only evidence plaintiff presented of co-ownership among defendants was the assumed name certificate.

The evidence presented clearly shows that "Safety Taxi" is merely a taxicab telephone dispatch service to which each defendant contributes a small monthly fee in order to receive dispatch services. We hold that plaintiff has failed to present substantial evidence to create a genuine issue regarding the existence of a partnership or joint venture among defendants. Therefore, we hold that the trial court correctly granted defendants' motions for summary judgment.

In light of the above holding, we do not reach plaintiff's contention regarding the effect of John Gilmore's covenant not to sue.

Affirmed.

Judges COZORT and LEWIS concur.