Qian v. Zheng, 2025 NCBC 49.

STATE OF NORTH CAROLINA

NASH COUNTY

JIA QIAN; JIANGANG JIAO; and
LINA LI,

        Plaintiffs,
        Counterclaim
        Defendants, and
        Crossclaim
        Defendants,

and

GUANGYUAN LI; PEIJUN YIN;
JIAN ZHANG, et al.,

        Intervenor
        Plaintiffs and
        Counterclaim
        Defendants,

v.

LIJIA ZHENG; YAWEI ZHENG;
HAOYU QI; and FANG LIN;

        Defendants,
        Counterclaim
        Plaintiffs, and
        Crossclaim
        Defendants

HALIFAX SAFEGUARD PROPERTY,
LLC;

        Defendant,
        Counterclaim
        Plaintiff, and
        Crossclaim
        Plaintiff,

and

CAROLINA SAWMILLS, L.P.

        Nominal
        Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
23CVS000581-630

**ORDER AND OPINION ON
INDIVIDUAL DEFENDANTS'
PARTIAL MOTION FOR JUDGMENT
ON THE PLEADINGS**

1. **THIS MATTER** is before the Court on Defendants Lijia Zheng, Yawei Zheng, and Fang Lin's (collectively, the "Individual Defendants") Partial Motion for Judgment on the Pleadings (the "Motion"), filed pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure (the "Rule(s)") on 10 December 2024 in the above-captioned case.[1]

2. Having considered the Motion, the parties' briefs in support of and in opposition to the Motion, the relevant pleadings, the arguments of counsel and *pro se* Plaintiffs at the hearing on the Motion, and other appropriate matters of record, the Court hereby **GRANTS in part** and **DENIES in part** the Motion.

> *Jia Qian, Jiangang Jiao, and Lina Li, pro se.*
>
> *Reid & Wise, LLC, by Matthew Sava, and Fitzgerald, Hanna & Sullivan, PLLC, by Douglas W. Hanna, for Intervenor Plaintiffs.*
>
> *Brooks, Pierce, McLendon, Humphrey & Leonard LLP, by Jennifer K. Van Zant, Kearns Davis, William A. Robertson, Cameron V. Ervin, and Jimmy Chang, for Defendants Lijia Zheng, Yawei Zheng, Fang Lin, and Haoyu Qi.*
>
> *Wagner Hicks, PLLC, by Sean C. Wagner, Jonathon D. Townsend, and Meagan L. Allen, for Defendant Halifax Safeguard Property LLC.*

Brown, Judge.

---

[1] (Partial Mot. J. Pleadings by Defs. Lijia Zheng, Yawei Zheng, & Fang Lin [hereinafter, "Mot."], ECF No. 267.) Plaintiffs' Amended Complaint does not purport to assert any claims against Defendant Haoyu Qi.

I.

FACTUAL AND PROCEDURAL BACKGROUND

3.     The Court does not make findings of fact when ruling on a motion for judgment on the pleadings under Rule 12(c) and instead recites only those allegations in the pleadings that are relevant and necessary to the Court's determination of the motion.

4.     Nominal Defendant Carolina Sawmills, LP ("CSLP") is a North Carolina limited partnership of 151 investors – all of whom are Chinese nationals.[2] CSLP was formed to manage approximately $75 million of investment funds and to make qualifying "at risk" investments in commercial enterprises to satisfy the requirements of the EB-5 immigration program.[3] Defendant Halifax, a North Carolina limited liability company with its registered office located in Nash County, is the current General Partner of CSLP.[4] Halifax, in turn, is managed by a nine-member management committee.[5] *Pro se* plaintiffs Jia Qian, Jiangang Jiao, and Lina Li (collectively, "Plaintiffs") and the Individual Defendants are limited partners of CSLP, members of Halifax, and members of Halifax's management committee.[6]

---

[2] (Am. Compl. ¶¶ 11–12, ECF No. 145.)

[3] (Am. Compl. ¶ 12.)

[4] (Am. Compl. ¶¶ 8, 13.)

[5] (Am. Compl. ¶ 18.)

[6] (Am. Compl. ¶¶ 2–7, 11, 18.)

5.     On 14 March 2023, as a result of a settlement in a related bankruptcy case, proceeds of approximately $30 million were wired to CSLP.[7]  Halifax, as general partner of CSLP, was responsible for managing CSLP's bank accounts and the settlement proceeds and ensuring those proceeds were invested in accordance with CSLP's Partnership Agreement and the EB-5 immigration program's regulations.[8]

6.     The action currently before this Court concerns the use and management of the funds received by CSLP from the bankruptcy proceeding.  Plaintiffs claim they initiated the current litigation because they "were concerned that Defendants intended to disburse the funds in the CSLP bank account in a manner inconsistent with law, the Operating Agreement, and the Partnership Agreement of CSLP."[9]

7.     On 25 April 2023, Plaintiffs filed a Verified Complaint in Nash County Superior Court, seeking a temporary restraining order, a preliminary injunction, and a declaratory judgment that Halifax's Management Committee "had removed Defendants Lijia Zheng and Yawei Zheng from their former positions as managers and, as a result, Defendants could not exercise power to move funds from the CSLP bank account."[10]  Plaintiffs amended their complaint on 22 February 2024, adding claims for appointment of a receiver, breach of contract, and breach of fiduciary

---

[7] (Am. Compl. ¶ 14.)

[8] (Am. Compl. ¶ 15.)

[9] (Am. Compl. ¶ 32.)

[10] (Am. Compl. ¶ 33; Verified Compl. & Mot. TRO & Prelim. Inj., ECF No. 2.)

duty.[11] The Individual Defendants answered the Amended Complaint on 24 April 2024.[12]

8. The Individual Defendants filed the current Motion on 10 December 2024, and, after full briefing,[13] the Court held a hearing on the Motion on 29 April 2025, at which Intervenors, Halifax, and the Individual Defendants were represented by counsel. Plaintiffs also participated in the hearing with the assistance of a Mandarin language interpreter provided by the Court. The Motion is now ripe for resolution.

II.

LEGAL STANDARD

9. Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." N.C. R. Civ. P. 12(c). Rule 12(c) is intended "to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit and is appropriately employed where all the material allegations of fact are admitted in the pleadings and only questions of law remain." *DiCesare v. Charlotte-Mecklenburg Hosp. Auth.*, 376 N.C. 63, 70 (2020) (quoting *Ragsdale v. Kennedy*, 286 N.C. 130, 137 (1974)).

10. However, "[g]ranting judgment on the pleadings 'is not favored by law[.]'" *Bauman v. Pasquotank Cnty. ABC Bd.*, 270 N.C. App. 640, 642 (2020) (quoting

---

[11] (Order Mot. Leave File Am. Compl., ECF No. 123; Am. Compl.)

[12] (Defs. Lijia Zheng, Yawei Zheng, & Fang Lin's Answer Pls.' Am. Compl.; & Lijia Zheng & Yawei Zheng's Countercls. Against Jia Qian, ECF No. 160.)

[13] Jia Qian was the only Plaintiff who filed a response to the Motion. (Pl.'s Resp. Opp. Defs.' Mot. J. Pleadings, ECF No. 298; Pl. Jia Qian's Resp. Opp. Defs.' Reply Supp. Mot. Partial J. Pleadings, ECF No. 301.) Plaintiffs Jiangang Jiao and Lina Li failed to respond.

*Carpenter v. Carpenter*, 189 N.C. App. 755, 762 (2008)). Thus, in deciding whether to grant a motion for judgment on the pleadings, "the trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party, with all well pleaded factual allegations in the nonmoving party's pleadings being taken as true and all contravening assertions in the movant's pleadings being taken as false." *Anderson Creek Partners, L.P. v. Cnty. of Harnett*, 382 N.C. 1, 12 (2022) (internal quotations omitted).

11. Under Rule 12(c), the trial court may consider "[a]n exhibit, attached to and made a part of the [complaint]," *Wilson v. Crab Orchard Dev. Co.*, 276 N.C. 198, 206 (1970), and documents that are "the subject of the action and specifically referenced in the complaint," *Erie Ins. Exch. v. Builders Mut. Ins. Co.*, 227 N.C. App. 238, 242 (2013). Where a document is attached to a pleading, "[t]he terms of such exhibit control other allegations of the pleading attempting to paraphrase or construe the exhibit, insofar as these are inconsistent with its terms." *Wilson*, 276 N.C. at 206.

12. "The party moving for judgment on the pleadings must show that no material issue of fact exists and that he is entitled to judgment as a matter of law." *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 682 (1987). Moreover, a "motion under Rule 12(c) must be carefully scrutinized lest the nonmoving party be precluded from a full and fair hearing on the merits." *Newman v. Stepp*, 376 N.C. 300, 305 (2020) (citation and internal quotation marks omitted).

III.

ANALYSIS

13.    The Individual Defendants seek to dismiss Plaintiffs' first and third claims asserted against them in the Amended Complaint pursuant to Rule 12(c).[14]   The Court will take up each claim in turn.

## A. <u>Appointment of a Receiver</u>

14.    In their first claim for relief, Plaintiffs contend the Individual Defendants have (1) "violated court orders in this case, including the Temporary Restraining Order and Preliminary Injunction,"[15] (2) intentionally caused or have instructed others working on their behalf to cause significant dysfunction of [Halifax's] management,"[16] (3) "prevented the interim General Manager Jia Qian, Professional Manager Michael Martinez, and Plaintiffs as members of [Halifax's] Management Committee from accessing [Halifax's] books and records,"[17] and (4) "refused to abide by the Terms of Settlement entered into with Plaintiffs, which . . . amended [Halifax's] Operating Agreement."[18]   The Individual Defendants' actions, Plaintiffs allege, "constitute gross misconduct that puts [Halifax] at risk of failing to uphold its duties

---

[14] (Mot. 2.)

[15] (Am. Compl. ¶ 135.)

[16] (Am. Compl. ¶ 136.)

[17] (Am. Compl. ¶ 137.)

[18] (Am. Compl. ¶ 138.)

as General Partner of CSLP."[19]  Plaintiffs therefore argue that "no remedy short of the appointment of a receiver will allow [Halifax] to carry out its duties as General Partner of CSLP" and "protect Plaintiffs and the rights of CSLP limited partners."[20]

15.    The Individual Defendants seek dismissal of Plaintiffs' first claim, contending "Plaintiffs' request for a receiver fails to state a claim as to Individual Defendants" as Individual Defendants "are not the entity over which [Plaintiffs] seek a receivership."[21]

16.    As stated earlier, "[g]ranting judgment on the pleadings 'is not favored by law[,]'" *Bauman*, 270 N.C. App. at 642, and "[t]he party moving for judgment on the pleadings must show that *no* material issue of fact exists and that he is entitled to judgment as a matter of law." *Daniels*, 320 N.C. at 682.  Here, as the Individual Defendants point out, the Court has considered whether to appoint a receiver over Halifax and CSLP several times before.[22]  The Court first ruled on the issue of appointing a receiver on 21 February 2024, where it denied Plaintiffs' and the Intervenors' separate requests for the appointment of a general receiver over Halifax, holding that "the parties seeking appointment of a receiver have not shown the kind

---

[19] (Am. Compl. ¶ 139.)

[20] (Am. Compl. ¶¶ 142–43.)

[21] (Br. Supp. Partial Mot. J. Pleadings by Defs. Lijia Zheng, Yawei Zheng, & Fang Lin [hereinafter, "Individual Defs.' Br. Supp."] 5, ECF No. 268.)

[22] (Individual Defs.' Br. Supp. 5 ("The Court has twice considered whether to appoint a receiver over [Halifax] and CSLP.").)

of urgent need that warrants the extraordinary relief requested."[23] On 13 June 2024, the Court addressed Plaintiffs' Renewed Motion for Appointment of Receiver, ultimately denying without prejudice the motion.[24] Again, on 24 October 2024, the Court considered Intervenors' request for appointment of a receiver, finding "[g]iven the circumstances of this action and how it continues to evolve at every stage, the Court determines that Intervenors' claim for appointment of receiver is not futile, as Intervenors have alleged facts relating to the alleged misuse of CSLP funds for self-dealing purposes."[25] As this Court has stated most recently in its 15 August 2025 Order and Opinion,[26] this action continues to evolve at every stage and it would be premature to foreclose the appointment of a receiver. Accordingly, the Court **DENIES** the Motion with respect to this claim.

B. **Breach of Fiduciary Duty as to Defendants Lijia Zheng and Yawei Zheng**

17. The Individual Defendants next seek entry of judgment on the pleadings on Plaintiffs' claim for breach of fiduciary duty.

18. In their Amended Complaint, Plaintiffs allege that, as General Manager and Operating Manager of Halifax, Defendants Lijia Zheng and Yawei Zheng owed a

---

[23] (Order on Mots. Appoint Receiver, ECF No. 143.)

[24] (Order on Mot. Enf't Settlement Agreement & Renewed Mot. Appointment Receiver, ECF No. 196.)

[25] (Order Intervenors' Mot. Leave File Second Am. Compl. 13, ECF No. 247.)

[26] (Order & Op. on Individual Defs.' & Halifax Safeguard Prop., LLC's Mots. Dismiss Intervenors' Second Am. Compl. in Intervention, ECF No. 366; *Jia Qian v. Lijia Zheng*, 2025 NCBC LEXIS 105 (N.C. Super. Ct. Aug. 15, 2025).)

fiduciary duty to Plaintiffs and other limited partners of CSLP.[27] Plaintiffs allege Defendants Lijia Zheng and Yawei Zheng breached these fiduciary duties by (1) "failing to keep proper accounting for [Halifax] and caus[ing] tax returns to be timely filed[,]"[28] (2) "failing to provide access to those records . . . to interim General Manager and Plaintiff Jia Qian and . . . Professional Manager Michael Martinez[,]"[29] and (3) "caus[ing] complete disruption to the management of [Halifax]."[30]

19. To state a claim for breach of fiduciary duty, a plaintiff must plead the existence of a fiduciary duty, a breach of that duty, and injury proximately caused by the breach. *See, e.g., Green v. Freeman*, 367 N.C. 136, 141 (2013). Where there is no fiduciary duty, there can be no claim for its breach. *Governor's Club Inc. v. Governors Club Ltd. P'ship*, 152 N.C. App. 240, 247 (2002).

20. A fiduciary relationship is one in which "there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." *CommScope Credit Union v. Butler & Burke, LLP*, 369 N.C. 48, 52 (2016). "[I]t extends to any possible case in which a fiduciary relationship exists in fact, and in which there is confidence reposed on one side, and *resulting domination and influence on the other.*" *Dalton v. Camp*, 353 N.C. 647, 651–52 (2001)

---

[27] (Am. Compl. ¶ 160.)

[28] (Am. Compl. ¶ 161.)

[29] (Am. Compl. ¶ 162.)

[30] (Am. Compl. ¶ 163.)

(quoting *Abbitt v. Gregory*, 201 N.C. 577, 598 (1931)) (emphasis in original). "North Carolina recognizes two types of fiduciary relationships: *de jure*, or those imposed by operation of law, and *de facto*, or those arising from the particular facts and circumstances constituting and surrounding the relationship." *Hager v. Smithfield E. Health Holdings, LLC*, 264 N.C. App. 350, 355 (2019) (citing *Lockerman v. S. River Elec. Mbrshp. Corp.*, 250 N.C. App. 631, 635 (2016)).

21.     Here, Lijia Zheng and Yawei Zheng are not in a *de jure* or *de facto* fiduciary relationship with CSLP or CSLP's limited partners, and, hence, cannot be liable for breach of fiduciary duty. Lijia Zheng and Yawei Zheng are members of Halifax as well as members of Halifax's nine-member management committee.[31] Members of an LLC which is the general partner of a limited partnership do not owe any fiduciary duties as a matter of law to the limited partnership, even if those members serve on the management committee of the general partner. *See He Chi v. N. Riverfront Marina & Hotel LLLP*, 2023 NCBC LEXIS 89, at \*41, 45 n.19 (N.C. Super. Ct. July 27, 2023) ("Moreover, when, as here, the general partner is an LLC, North Carolina law does not, as a matter of course, extend the general partner's fiduciary duty to its manager."); *see also Sturm v. Goss*, 90 N.C. App. 326, 330 (1988) (declining to extend fiduciary duty to director of a corporate general partner in his individual capacity). To hold otherwise would disregard the protections afforded by the corporate form.[32]

---

[31] (Am. Compl. ¶¶ 5–6, 18.)

[32] Additionally, this Court previously determined that

> [to t]he extent any fiduciary duties are owed to CSLP, they are owed by [Halifax] as the general partner to CSLP as the limited partnership. Beyond

22.    Furthermore, this Court has stated previously that the Individual Defendants, including Lijia Zheng and Yawei Zheng, do not owe *de facto* fiduciary duties to CSLP.[33]  "The standard for finding a *de facto* fiduciary relationship is a demanding one: Only when one party figuratively holds all the cards—all the financial power or technical information, for example—have North Carolina courts found that the special circumstance of a fiduciary relationship has arisen." *Lockerman v. S. River Elec. Mbrshp. Corp.,* 250 N.C. App. 631, 636 (2016) (citation and internal quotation marks omitted).  It is insufficient to allege mere influence over another's affairs.  *Hartsell v. Mindpath Care Ctrs.*, 2022 NCBC LEXIS 130, at *11 (N.C. Super. Ct. Nov. 2, 2022).

23.    Thus, the question here is whether Plaintiffs have sufficiently pled that Lijia Zheng and Yawei Zheng "held all the cards."  Plaintiffs have not.  As the Individual Defendants state, "Plaintiffs do not allege any relationship between either Lijia Zheng or Yawei Zheng and Plaintiffs at all [in their Amended Complaint], let alone facts from which the Court could reasonably infer that Plaintiffs reposed special confidence in any individual defendant."[34]

---

those duties, the Court determines that the Individual Defendants do not owe fiduciary duties as a matter of law to the limited partnership they manage indirectly through their management of [Halifax].

(Order Intervenors' Mot. Leave File Second Am. Compl. 11.)  The Court declines to reconsider its position on the fiduciary duties owed by the Individual Defendants, including Lijia Zheng and Yawei Zheng.

[33] (Order & Op. on Individual Defs.' & Halifax Safeguard Prop., LLC's Mots. Dismiss Intervenors' Second Am. Compl. in Intervention 16–18; *Jia Qian*, 2025 NCBC LEXIS 105, at *15–17.)

[34] (Individual Defs.' Br. Supp. 7.)

24. In her response brief, Plaintiff Jia Qian attempts to salvage Plaintiffs' breach of fiduciary duty claim by arguing, "[a]s the controlling party of [Halifax], Defendants have exercised full and complete control over the company's accounts and redeployment decisions and excluded plaintiffs from any decision-making."[35] However, Lijia Zheng and Yawei Zheng consist of a minority of Halifax's management committee and the membership of the management committee has changed in composition throughout this litigation. Mere influence over another's affairs is insufficient to establish a *de facto* fiduciary relationship. Furthermore, as this Court has previously stated, "[i]t is clear that [Halifax], as general partner of CSLP—not the Individual Defendants—held some cards as it relates to CSLP."[36] As no *de jure* or *de facto* fiduciary relationship exists between Lijia Zheng, Yawei Zheng and CSLP, the Court **GRANTS** Individual Defendants' Motion to dismiss Plaintiffs' claim for breach of fiduciary duty.

IV.

CONCLUSION

25. **WHEREFORE**, for the reasons set forth above, the Court hereby **GRANTS in part** and **DENIES in part** the Motion as follows:

    a. Individual Defendants' Motion is **GRANTED** with respect to Plaintiffs' claim for breach of fiduciary duty, and Plaintiffs' claim is hereby **DISMISSED with prejudice**.

---

[35] (Pl.'s Resp. Opp. Defs.' Mot. J. Pleadings 1.)

[36] (Order Intervenors' Mot. Leave File Second Am. Compl. 11.)

b. Individual Defendants' Motion is **DENIED** as to Plaintiffs' claim for appointment of receiver.

c. Individual Defendants' Motion is otherwise **DENIED**.

**SO ORDERED**, this the 22nd day of August, 2025.


/s/ A. Todd Brown
A. Todd Brown
Special Superior Court Judge
 for Complex Business Cases